182 P.2d 156
**McCALL v. POTLATCH FORESTS,**
Inc., et al.
No. 7335.
Supreme Court of Idaho.
July 2, 1947.

416

Elder & Elder, of Coeur d'Alene, for respondents.

Frank L. Benson, C. V. Boyatt, and A. T. Fredricks, all of Boise, and Paul C. Keeton, of Lewiston, for appellant.

SUTTON, District Judge.

July 14, 1941, appellant sustained an accidental injury arising out of his employment as a member of a log loading crew. As a result of such injury he was hospitalized for a period of weeks after which he was discharged as surgically healed. November 24, 1941, appellant and respondents entered into a compensation agreement fixing the amount of appellant's temporary total disability and the extent of his permanent partial disability, which agreement was approved by the Industrial Accident Board on December 22, 1941. By the compensation agreement appellant's permanent partial disability was fixed and determined to be the equivalent of 15% as of amputation of a leg at the hip. July 11, 1945, appellant filed his application for review with the Industrial Accident Board pursuant to Sec. 43-1407, I.C.A., and on July 13, 1945, filed an amended application for such review wherein, after reciting certain preliminary and jurisdictional matters and alleging the making of the compensation agreement, it is alleged that since said claimant signed said instrument, his physical condition has changed, in that he now suffers a much greater degree of pain in his legs and back, and that he now cannot move or use his back and legs to the extent that he could at the time said instrument was signed. The matter finally came on for hearing before G. W. Suppiger, member of the Board and chairman thereof, in the cities of Lewiston, Idaho, and Spokane, Washington, on the 12th and 17th days of June, 1946. July 25, 1946, Mr. Suppiger made findings of fact and rulings of law. Thereafter appellant made a claim for a review of said findings by the Board pursuant to Sec. 43-1404, I.C.A. Thereafter, and on September 13, 1946, the Board rendered its decision on review wherein it is recited, among other things, "The Industrial Accident Board, having duly considered the record and counsels' briefs, hereby approves and adopts the Findings of Fact and Rulings of Law herein made and filed on July 25, 1946, and hereby approves and re-affirms the said order of continuance as made on said date." Thus the findings of fact, rulings of law and order made by the chairman of the Board became the findings of fact, rulings of law, and order of the Board.

In Finding of Fact No. 7, in addition to summarizing the testimony of claimant and the several witnesses called by the parties, it is recited "it is specially found that there has been a change in Claimant's condition due to his accident and injury since November 24, 1941, the date the compensation agreement was made; that his conditions are progressively worsening; that he now has a physical impairment

resulting from his accident and injury which is greater than 15% loss of a leg by amputation at the hip; that the conditions are not yet fixed, definite or permanently determinable; that to now fix the amount of his permanent physical impairment due to claimant's accident and injury may result in an irreparable injury to him because the period within which he may again ask for a modification of an award has already expired." The Rulings of Law are as follows:

"1—There has been a change in Claimant's condition due to his accident and injury and he is entitled to a modification of his contract March 24, 1941 [November 24, 1941].

"2—Claimant now has a physical impairment greater than at the time the contract between him and the defendants were entered into but the amount of permanent impairment is not yet definite, fixed or permanently determinable.

"3—That neither the claimant nor the defendant is at this time entitled to an order fixing or determining the amount of permanent physical impairment claimant has by reason of the accident and injury.

"4—That claimant is entitled to further and additional medical and surgical attendance and hospital services from the Western Hospital Association whenever his condition becomes so he needs it.

"5—In order that claimant may not be precluded of, or limited in, his rights when his condition becomes so it is fixed and definite and the amount of his permanent physical impairment can be permanently determined, the Industrial Accident Board should retain continuing jurisdiction and the hearing had should not be concluded but should be continued until such time as his condition resulting from his accident and injury becomes fixed and definite and the amount, if any, of his permanent physical impairment, over and above 15% loss by amputation of the leg at the hip, can be permanently fixed and determined.

"Wherefore, instead of at this time making any order for fixing and determining the amount and extent of the permanent impairment claimant has, or. the amount of additional compensation, if any, to which claimant may be entitled, the hearing in this matter is hereby continued until such time as claimant's condition resulting from his injury and accident is fixed, definite and determinable."

At the outset we are confronted with respondents' contention the order of the Industrial Accident Board is not a final order and is therefore not appealable.

The Legislature in adopting the Workmen's Compensation Law declared as one of the reasons for so doing that "The remedy of the workmen has been uncertain, slow and inadequate" (sec. 43-902, I.C.A.) and this court in the early case of McNeil v. Panhandle Lbr. Co., 34 Idaho 773, 203 P. 1068, 1073, said "The Workmen's Compensation Law, like other laws of this state, is to be liberally construed

with a view to effect its objects and promote justice." With these declarations in mind it is the writer's opinion that an order of the Industrial Accident Board which postpones making an award to an injured workman until the happening of an event or the bringing about of a condition which may or may not occur or be brought about in his lifetime, is of such finality as to be subject to review on appeal.

▮▮ Appellant by his first and third assignments of error charged the Board erred in failing to make a finding of fact, ruling of law, and award to the effect appellant was totally disabled. The contention of appellant in this connection is stated in his brief as follows: "Language in the case of Kelley v. Prouty, 54 Idaho 225, 30 P.2d 769, quoted from the case of Flynn v. Carson, 42 Idaho 141, 243 P. 818, leads to the conclusion that this Court would follow the decisions quoted from and cited above and hold that if the injured workman can not do the type of work he was doing at the time of the injury he is totally disabled within the meaning of our Workmen's Compensation Law."

Appellant's interpretation of the two cited cases is unwarranted in our opinion. It must be conceded appellant is and at all times since his injury has been unable to perform the tasks of a logger. It must be further conceded that at the time of the hearing and for two or more years prior thereto the appellant was employed by Spokane County, Washington, as a driver of a gravel truck eight hours a day, six days a week. Under such circumstances it cannot be as a matter of law that appellant was totally disabled. The extent of his disability raises no more than a question of fact, and the Board's finding thereon is not subject to review here, sec. 43-1408, I.C.A.

▮▮ Assignments of error numbered 7, 8 and 9 are related and, except in so far as they are pertinent to the assignments just disposed of, they raise the question of the correctness of the Board's ruling in excluding certain exhibits and oral testimony offered by claimant. The rejected evidence was offered to sustain a claim of fraud in the making of the compensation agreement. The application for review and modification of that agreement made no suggestion of fraud, but was based solely upon an alleged change in condition. In Van Blaricom v. Export Lbr. Co., 52 Idaho 459, 16 P.2d 990, and Rodius v. Coeur d'Alene Mill Co., 46 Idaho 692, 271 P. 1, this court in effect held that a party relying for modification on fraud or mistake must plead and prove the same. There was no error in excluding the evidence in question.

▮ By assignments of error numbered 4, 5 and 6, it is charged the Board erred in failing to make a finding of fact, ruling of law, and an award to the effect that claimant had a permanent injury equivalent to 75% of the loss of a leg at the hip. Findings of fact and rulings of law were made to the effect that there was and is a change

420

in claimant's condition due to the injury since the making and approval of the compensation agreement; that his physical impairment is greater than that compensated for; that his condition is worsening, is not fixed, definite or permanently determinable. In such a situation a claimant is entitled to an award in keeping with the changed physical condition, sec. 43-1407, I.C.A. But instead of making such an award, the Board ruled that claimant was not presently entitled to a determination of the amount of his permanent physical impairment and entered an order continuing the hearing "until such time as Claimant's condition resulting from his injury and accident is fixed, definite and determinable." An examination of the record does disclose that no witness, expert or lay, said or attempted to estimate how long it would be before claimant's disability would become fixed. That time might come early or late, and might never come during claimant's lifetime. The Board's motive in delaying is praiseworthy. However, its action withholds from claimant relief to which he is now entitled and presents a situation which brings to mind the statement "Justice delayed is justice denied."

The order of continuance is reversed, and the proceeding is remanded to the Industrial Accident Board with instructions to proceed and determine the extent of claimant's permanent disability and to make an award accordingly. Costs to appellant.

BUDGE, C. J., and GIVENS, HOLDEN and MILLER, JJ., concur.