505 P.2d 333

**E. VAN HOUTEN, Plaintiff-Counter Defendant and Respondent,**

**v.**

**William R. BURT and Jean P. Burt, husband and wife, Defendants-Counter Claimants and Third-Party Plaintiffs and Appellants.**

**FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF TWIN FALLS, an Idaho Corp., Defendant,**

**v.**

**Patricia P. SAVIERS, Third-Party Defendant.**

**No. 11046.**

Supreme Court of Idaho.

Dec. 29, 1972.

Rehearing Denied Feb. 1, 1973.

Willis B. Benjamin, Ketchum, for appellants.

R. E. Rayborn, Twin Falls, for respondent.

SHEPARD, Justice.

This is an attempted appeal from a judgment entered January 27, 1971, nearly ten

---

months after the date of the judgment. The appeal is dismissed.

This action was initiated by Van Houten (respondent herein) as plaintiff seeking a balance due him under the terms of a contract for the construction of a residence for the Burts (appellants herein). A counter-claim was filed seeking damages allegedly due to construction deficiencies. That action was initiated in 1965 and ultimately tried to the court sitting without a jury. On January 27, 1971, after a series of inexplicable delays, the district court entered judgment for Van Houten in the sum of $6,048.94, plus interest, costs and attorneys' fees. $750 was awarded to the Burts on their counter-claim which was subtracted in the computation of Van Houten's judgment.

■ A notice of appeal must be filed within sixty days of the date of the judgment, or of an order denying certain post-judgment motions. I.C. § 13–201. This Court will not entertain an appeal not filed within the sixty day limitation prescribed by I.C. § 13–201. Martin v. Soden, 80 Idaho 416, 332 P.2d 482 (1958), and cases cited therein. The notice of appeal filed November 22, 1971 was not timely filed as to the January 27, 1971 judgment.

■ The Burts claim that timely notice of judgment by the Clerk of the District Court was not given. Evidently notice of entry of the judgment was not sent to the Burts or their counsel until February 16, 1971. If notice of appeal had been filed by the Burts within 60 days after February 16, but more than sixty days after January 27, then their rights may have been prejudiced by the tardy notice of judgment. However, they waited more than five months before commencing their initial attack on the January 27, 1971 judgment. It is inconceivable that any prejudice resulted from the tardy notice of judgment.

The Burts further argue that post-judgment motions had the effect of updating the January 27, 1971 judgment to a point closer in time to November 22, 1971. Put another way, they argue in effect that the sixty day period of time within which their appeal should have been filed was tolled during the pendency of the post-judgment motions.

On July 2, 1971 the Burts filed a motion to reopen the judgment under the provisions of I.C. § 5–905. That motion was denied in an order filed August 19, 1971. The Burts then filed a motion under Rule 60(b) I.R.C.P. asking reconsideration of the court's order of August 19 which had denied the Burts' motion to reopen. On September 3, 1971 the court filed an order that the motion would be decided on the briefs and on September 28, 1971 the court filed an order denying the Rule 60(b) motion. Finally, on November 22, 1971 the Burts filed their notice of appeal.

The Burts argue that the January 27, 1971 judgment was updated to August 19, 1971 as a result of their motion for reopening of the judgment. They further argue that the judgment was further updated to September 28, 1971 as a result of their motion and the order thereon under Rule 60(b) I.R.C.P. A decision on whether or not the judgment was updated to August 19, 1971 is not necessary. Assuming only for the sake of argument that the judgment was updated until August 19, 1971, we note that Rule 60(b) I.R.C.P. specifically provides in pertinent part:

"A motion under this subdivision (b) *does not* affect the finality of a judgment or *suspend its operation*." (Emphasis supplied)

Therefore, even if the operation of the January 27, 1971 judgment was suspended and did not become final until August 19, 1971, it is clear that the Burts' motion under Rule 60(b) and the order thereon dated September 28, 1971 did not have the effect of suspending the operation or finality of

the judgment. The very latest date which could in any fashion be assigned to the judgment was August 19, 1971 and the appeal from the judgment was not filed until November 22, 1971.

Litigation must ultimately terminate and the rights of the parties must be finally adjudicated. To that end all statutes, rules and decisions of this Court governing appellate procedure are clear. The judgments of our courts must not be hindered or delayed by post-judgment maneuverings which frustrate the finality of judgments.

The appeal is dismissed. Costs to respondents.

McQUADE, C. J., DONALDSON and BAKES, JJ., and HAGAN, District Judge, concur.