526 P.2d 1104

**CITY OF COEUR d'ALENE, a municipal corporation and political subdivision of the State of Idaho, Plaintiff-Respondent,**

v.

**Esther L. OCHS, Defendant-Appellant.**

No. 11362.

Supreme Court of Idaho.

Sept. 25, 1974.

Thomas A. Mitchell, Coeur d'Alene, for defendant-appellant.

Wm. D. McFarland, Coeur d'Alene, for plaintiff-respondent.

McFADDEN, Justice.

Plaintiff-respondent City of Coeur d'Alene instituted this action to compel defendant-appellant Esther L. Ochs to remove certain buildings which allegedly did not meet the requirements of the city's building code.

After a non-jury trial, the court entered a judgment on December 20, 1971, which in pertinent part orders:

"2. That the defendant within one year repair all structures on [defendant's] premises to bring them within the requirements of the Building Code of the City of Coeur d'Alene, or demolish and remove said buildings within that time, or should the defendant fail to so repair or remove said buildings, the plaintiff is authorized to remove the same, assess the costs of removal against the defendant, said costs to constitute a lien upon the premises * * *."

"3. That the Court retain jurisdiction to hear further testimony or make such inspections as may be necessary to determine if compliance is being made with this judgment."

In March of 1973, the plaintiff filed a "motion for a supplemental judgment," supported by affidavits tending to show noncompliance with the 1971 judgment. The court conducted a hearing and, having found non-compliance, entered a judgment on May 11, 1973, which in pertinent part decrees:

"That the plaintiff be, and it is hereby authorized to cause the removal, disposal or destruction of the [defendant's] buildings and structures * * * and assess the costs of removal against the defendant.

"That said costs shall constitute a lien upon the [defendant's premises] * * * and that the plaintiff is authorized to levy a special assessment for said costs as provided by Idaho Code 50–334."

On this appeal, filed May 15, 1973, the plaintiff appeals both the 1973 judgment and the 1971 judgment.

The appellant's assignments of error are all directed at the 1971 judgment or at the proceedings upon which it is based. Having assigned no error to the 1973 judgment per se, the appellant apparently appeals that judgment solely on the ground that it is based upon the 1971 judgment, to which errors are assigned. Contending that the 1971 judgment was a "final judgment," the respondent submits that this appeal must be dismissed as untimely. If the 1971 judgment was in fact a "final judgment," the appeal from it must be dismissed because it was not filed within sixty days of entry of the judgment. I.C. § 13–201; Van Houten v. Burt, 95 Idaho 185, 505 P.2d 333 (1972).

Where an issue remains to be determined and the court in its judgment retains jurisdiction to enter any further orders deemed "just," the judgment does not have the finality essential for it to be classified as a final judgment. Lloyd v. Lloyd, 95 Idaho 108, 503 P.2d 308 (1972) (per curiam); Perkins v. City of Pocatello, 92 Idaho 636, 448 P.2d 250 (1968). However, where a judgment fully and finally settles all the issues of a case and jurisdiction is retained only to assure compliance with its terms, the judgment is a final judgment. Howell v. Reimann, 77 Idaho 84, 288 P.2d 649 (1955).

In the instant case all issues were fully resolved in the judgment entered in 1971; the 1973 judgment was merely to enforce the judgment previously entered. We therefore conclude that the 1971 judgment entered was a final judgment, as all issues were then resolved. Because this appeal was not filed within sixty days of its entry, the 1971 judgment is not subject to review by this court. I.C. § 13–201;

Van Houten v. Burt, supra; Ames v. Ames, 487 P.2d 680 (Alaska 1971) (per curiam). Since the 1971 judgment is not reviewable, and since the 1973 judgment based thereon is not challenged per se, it follows that this appeal from both judgments must be dismissed.

The appeal is dismissed. Costs to respondent.

SHEPARD, C. J., and DONALDSON, McQUADE and BAKES, JJ., concur.