596 P.2d 798

Leon WHEELER and Barbara Y. (Mickey) Wheeler, husband and wife, and George Michael Conant, Plaintiffs-Respondents,

v.

Anna McINTYRE, Veria M. Wheeler and Jacqueline M. George, Defendants-Appellants.

No. 12930.

Supreme Court of Idaho.

June 21, 1979.

John W. Walker of Bielenberg, Anderson & Walker, Moscow, for defendants-appellants.

Dale Clemons and Bruce M. Perry of Clemons, Cosho & Humphrey, Boise, for plaintiffs-respondents.

McFADDEN, Justice.

This case is before the court on appellants' motion to remand for a new trial and on respondents' cross-motion to dismiss the appeal. The issues before the court are (1) whether the district court erred in denying appellants' post-trial motions; (2) whether the final judgment entered in the case is appealable; and (3) if either of the first two issues is answered in the affirmative, whether the case should be remanded for new trial because no reporter's transcript is available.

Plaintiffs-respondents were vendees on an installment real estate contract. After defaulting on the payments, they brought this action to rescind the contract and to recover the purchase price already paid on the theory of unreasonable forfeiture. Judgment was entered by the district court on July 14, 1977, declaring an unreasonable forfeiture, and refunding to respondents a portion of the payments made. Subsequently the trial court granted respondents costs and attorney fees.

On July 26, 1977, more than 10 days after entry of judgment, appellants by their then attorney who was not the attorney on appeal made the following motions: (1) Motion for New Trial, which motion was "based on the fact that there is insufficient evidence to support the judgment rendered"; (2) Motion to Alter Judgment; (3) Objections to Judgment, Findings and Conclusions; and (4) Objections to and Motion to Strike Cost Bill. No notice of appeal was filed at this time, or within 42 days after the entry of judgment.

On February 28, 1978, the district court ruled on the four post-trial motions. The motion for new trial was denied by the trial court, not on the basis of not being timely filed, but because it failed to comply with I.R.C.P. 59(a)(7) which requires such a motion to set forth with particularity the factual basis showing insufficient evidence. The motion to alter judgment, made under Rule 59(e), was denied because it was not filed within the 10 day limit provided by Rule 59. The objection to judgment, findings and conclusions, made under Rule 52(b), was likewise denied because it was not filed within the 10 day limit of the rule. The objection to and motion to strike cost bill was not subject to the 10 day period, and was dealt with on the merits. The court ruled that attorney fees had been properly allowed under I.C. § 12–121, that the other costs allowed in the judgment were recoverable by respondents under I.R.C.P. 54(d)(1) as a matter of right, and denied the motion.

On March 24, 1978, appellants filed their notice of appeal, purporting to appeal from both the final judgment and the order denying the post-trial motions.

The notice of appeal requested a reporter's transcript. However, it appears that the reporter's notes for the second and third day of trial were misplaced or lost, and only a partial transcript would be available for review on appeal. On February 25, 1979, appellants filed in this court a motion to remand the case for new trial on the basis that it was necessary by reason of inability to present a full reporter's transcript. A brief was filed in support of this motion to remand the case for retrial because of the impossibility of preparing a transcript on appeal.

Respondents filed a motion to dismiss the appeal, together with supporting briefs, on the basis that the various motions were not timely filed and thus not appealable and that more than 42 days had elapsed since entry of the judgment, which time was not extended by the untimely motions. Later respondents presented their brief in opposition to the motion to remand.

■ The first issue is whether the district court erred in denying each of appellants' post-trial motions. Considering first the appealability of this order, we note that I.A.R. 11(a)(5) permits an appeal as a matter of right from "any order made after final judgment." Since the order denying the motions is one made after final judg-

ment, it is appealable, whether or not it is meritorious.

Turning towards the individual motions, the record reveals that appellants' "Motion for New Trial" was based solely on the allegation "that there is insufficient evidence to support the judgment rendered . . .." The motion did not specify which procedural rule it was brought under. The basis of the motion, however, was insufficiency of the evidence, which is specifically set forth in I.R.C.P. 59(a)(6) as a ground for granting a new trial. Appellants nevertheless suggest that the motion be viewed as one brought under I.R.C.P. 60(b)(6), the catch-all provision of "any other reason justifying relief from the operation of the judgment."

■ The trial court considered and disposed of the motion for new trial under Rule 59(a)(7). But the court inconsistently stated in its order denying the motion that the motion was timely filed. A possible explanation for this inconsistency might be that the court looked upon the motion as a Rule 60(b) motion. However, since insufficiency of the evidence is not grounds for 60(b) relief, and since there are no facts to warrant application of Rule 60(b), we decline to view the motion under that rule. It is the conclusion of this court that since the motion was made more than 10 days after entry of judgment, it was untimely. In such a case, "the trial court may not exercise any discretion, but is obligated to deny the motion for lack of power to grant new trial relief." 6A Moore's Federal Practice § 59.09[3] (2d ed. 1974); *Martin v. Wainwright*, 469 F.2d 1072 (5th Cir. 1972). The motion for new trial was therefore properly denied.

■ The "Motion to Alter Judgment" was a motion brought under Rule 59(e), and was likewise subject to the strict 10 day requirement of Rule 59. Since the motion was not filed within 10 days of entry of judgment, the court had no power to grant the requested relief. 6A Moore, *supra* § 59.12[2]. The motion was properly denied.

■ The motion titled "Objections to Judgment, Findings and Conclusions" was brought under Rule 52(b). This motion was also required to be made within 10 days of entry of judgment. Since the motion was not filed within 10 days, the trial court was obligated to deny it. 5A Moore, *supra* § 52.11.

■ There remains appellants' "Objections to and Motion to Strike Cost Bill." Under Rule 54(d)(6), such a motion should be made within 10 days following service of the memorandum of costs. However, this 10 day period of Rule 54(d)(6), unlike the 10 day periods of Rules 52 and 59, may be enlarged at the discretion of the trial court. I.R.C.P. 6(b). Here the trial court in its discretion considered this motion to be timely made and therefore decided it on the merits. The motion sought (1) to strike the cost bill because the court's memorandum decision did not expressly provide for recovery of costs; (2) to strike the award of attorney fees because I.C. § 12–121 did not apply to the contract entered into prior to the effective date of the statute; and (3) to strike deposition costs allowed by the court. The district court rejected all three contentions, and we affirm. Under Rule 54(d)(1), deposition costs, as all other costs set forth therein, are recoverable as a matter of right "unless otherwise directed by the court." The mere fact that the court's memorandum decision did not expressly allow costs does not constitute a denial of the prevailing party's right to recover costs under the rule. And as to the award of attorney fees, I.C. § 12–121 was applicable here because the judgment was entered subsequent to the effective date of the statute. *Minich v. Gem State Developers*, 99 Idaho 911, 591 P.2d 1078 (1979). We find no abuse of discretion in the court's decision allowing costs and attorney fees. The order denying the post-trial motions is therefore affirmed.

■ Finally, we hold that no appeal may be taken from the July 14, 1977 judgment. Under I.A.R. 14(a), a party has 42 days in which to file a notice of appeal from a final judgment. The time for appeal from such judgment "is *terminated by the filing of a*

*timely motion* which, if granted, could affect the findings of fact, conclusions of law or judgment (*except* motions under Rule 60 of the Idaho Rules of Civil Procedure or *motions regarding costs or attorney fees*) . . . ." I.A.R. 14(a). (Emphasis added.)

Since the motion for new trial, motion to alter judgment, and objections to judgment, findings and conclusions were untimely, they do not terminate the running of the 42 days in which to file notice of appeal. Appellants, however, contend that the trial court's failure to rule on these motions within 42 days of entry of judgment misled them into believing that time for appeal had been tolled. Appellants rely upon *Thompson v. Immigration and Naturalization Service,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964); *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.,* 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962); and *Vines v. Beneficial Finance Co.,* 374 F.2d 627 (2d Cir. 1967) to support this contention.

 These federal decisions are inapplicable to the case at bar.[1] There has been no showing as to how or when the motions were called to the trial court's attention. Consequently the three untimely motions did not terminate the running of the time for appeal. Nor did the motion relating solely to costs and attorney fees affect the time for appeal. Therefore, since no notice of appeal was filed within 42 days of the judgment, and since no timely motion was filed to toll the time for appeal, there can be no appeal from the judgment. See *First Security Bank v. Neibaur,* 98 Idaho 598, 570 P.2d 276 (1977); *Van Houten v. Burt,* 95 Idaho 185, 505 P.2d 333 (1972). Under I.A.R. 21, the failure to file the notice of appeal and the failure to file a timely motion which suspends the time period, "shall cause automatic dismissal of such appeal . . . upon the motion of any party, or upon the initiative of the Supreme. Court."

Where there has been a final judgment, order or decree entered and the time for taking an appeal has not been extended under the provisions of I.R.C.P. 59, and no appeal has been timely taken, the provisions of I.A.R. 17(e) do not extend or reopen the appeal time on such final judgment or order. The appeal from the judgment is therefore dismissed.

In summary, then, the court holds that the appeal from the judgment must be dismissed as untimely filed. The order denying the three untimely motions is affirmed. The award of costs and attorney fees was within the discretion of the trial court and since no showing of abuse has been made, the award is affirmed.

SHEPARD, C. J., and DONALDSON, BAKES and BISTLINE, JJ., concur.

---

1. In *Thompson,* motions had been made under Rules 52 and 59 more than 10 days after entry of judgment. The district court specifically declared, however, that the motions were made in "ample time."

In *Harris Truck Lines,* the movant had received from the district court an express 30 day extension of the time for filing the appeal.

In *Vines,* the parties stipulated to the timeliness of an otherwise untimely post-trial motion which thereby tolled the running of the time for appeal pending a determination of the motion.