619 P.2d 146

LaVern MENDENHALL and Vivian Mendenhall Eades, Plaintiffs–Respondents,

v.

Vonda Mendenhall CAINE, Defendant–Appellant.

No. 12583.

Supreme Court of Idaho.

Sept. 30, 1980.

Rehearing Denied Nov. 26, 1980.

Lloyd J. Webb of Webb, Burton, Carlson & Pedersen, Twin Falls, for defendant–appellant.

LaVern Mendenhall, pro se.

Clyde G. Nelson, Soda Springs, for amicus curiae June and Jay Turner.

PER CURIAM.

This appeal is from a decision of the Sixth Judicial District Court adjudicating rights to certain Idaho property and ordering its partition by sale. We affirm the order appealed from.

Given our disposition of the appeal, a brief synopsis of the facts will suffice. Appellant Vonda Mendenhall Caine married respondent LaVern Mendenhall in 1945 in Grace, Idaho. At that time the respondents had an interest in real property in Caribou County, and additional property was acquired by respondent LaVern Mendenhall and the appellant during the course of the marriage. The precursor to the present litigation was commenced by appellant in the Utah courts when she petitioned for divorce from LaVern in 1962. The Utah court entered its decree of divorce in 1963 granting the appellant a divorce and settling their interest in the real property held by the parties, including the Idaho real property, one–third to the appellant and two–thirds to the respondent. The documents of record indicate that this division was made pursuant to an agreement between the parties to that action.

In 1968, the respondent[1] filed the action which eventually gave rise to the present appeal; in the 1968 action respondents prayed for partition and sale of the Idaho real property and division of the proceeds from the proposed sale in accordance with the Utah decree. In her answer the appellant alleged that part of the property was her separate property and not subject to division by either the Utah court or the Idaho court, and that she had a greater community property interest in the remainder than was recognized by the Utah court. In light of our holding today, any further elaboration of the appellant's contentions in the district court or on appeal in this regard would be superfluous.

The Sixth District Court handed down a number of decisions from 1970 through 1977 which will be analyzed in greater detail *infra.* The appellant perfected the present appeal from an order entered February 8, 1977; she also seeks to appeal by "incorporation" several of the previous decisions.

In 1970 the court below entered its decision, characterized as an "Interlocutory Judgment and Decree" which determined that the real property should be partitioned and sold and that the proceeds be distributed in accordance with the Utah decree. This was in essence an interlocutory judgment for the partition by sale of real property. Former I.C. § 13–201,[2] effective at the time, clearly provided that such a judgment was appealable. *Newell v. Newell,* 77 Idaho 355, 362, 293 P.2d 663, 667 (1956). No timely appeal was ever taken from that judgment and consequently it is not now subject to review by this court.

The court entered a judgment and decree in 1974 which essentially reiterated the earlier decree of partition and ordered the sale of the property to the Turners, amicus curiae herein. This judgment was final. *City of Coeur d'Alene v. Ochs,* 96 Idaho 268, 269, 526 P.2d 1104, 1105 (1974); *Idah–Best, Inc. v. First Security Bank,* 99 Idaho 517, 519,

---

1. Respondent's sister was a party–plaintiff since part of the Idaho property was held by her and respondent as tenants in common.

2. I.C. § 13–201. "Civil judgments and orders appealable–Time for taking appeals.–An appeal may be taken to the Supreme Court from a district court:

2. ... and from an interlocutory judgment in action for partition of real property; within sixty days after the order or interlocutory judgment is made and entered on the minutes of the court, or filed with the clerk."

584 P.2d 1242, 1244 (1978); I.A.R. 11(a)(1). The appellant timely appealed from this judgment. However, the appeal was dismissed by order of this court upon the application of the appellant for dismissal pursuant to a stipulation. Former I.C. § 13–218,[3] in effect at the time of this order of dismissal, provided that the dismissal of an appeal acted as an affirmance of the judgment appealed and barred any further appeal unless such a dismissal was expressly made without prejudice to the filing of a subsequent appeal. This dismissal did not so provide and, thus, this 1974 judgment was affirmed.

In 1975 the court entered an order which sought to enforce the previous 1970 interlocutory judgment and decree, and the 1974 judgment ordering sale to the Turners. No appeal was ever taken from that order, and the time for any appeal has long since lapsed.

The appellant *has* taken a timely appeal from the order of February 8, 1977, which was another order enforcing the previous judgments and which finalized the sale and disbursement of proceeds. See, I.A.R. 11(a)(5). In this order the court in effect confirmed the previous order of sale to the Turners and the amounts to be disbursed to the parties. The appellant contends in her appeal from the 1977 order that this court has jurisdiction to again review the merits of all previous judgments and orders made below, *i. e.*, the 1970 order for partition and sale, the 1974 order approving the sale to the Turners, and the subsequent 1975 order enforcing the sale and allowing for the disbursement of proceeds.

However, such an appeal relates only to that 1977 order; it does not act to "revive" the earlier judgments, extend the time for appeal of any of those judgments, "incorporate" the merits of those judgments, or otherwise "cure" the bars previously mentioned. See, *e. g., Wheeler v. McIntyre*, 100 Idaho 286, 596 P.2d 798, 802 (1979); *First Security Bank v. Neibaur*, 98 Idaho 598, 602, 570 P.2d 276, 280 (1977); *Coeur d'Alene v. Ochs, supra* 96 Idaho at 265–70, 526 P.2d at 1105–6. Since the appellant presents no issues of error concerning this 1977 order *per se*, the sole timely and unbarred appeal must be affirmed.[4] As this court noted in *Van Houten v. Burt*, 95 Idaho 185, 187, 505 P.2d 333, 335 (1972):

> "Litigation must ultimately terminate and the rights of the parties must be finally adjudicated. To that end all statutes, rules and decisions of this Court governing appellate procedure are clear. The judgments of our courts must not be hindered or delayed by post–judgment maneuverings which frustrate the finality of judgments."

Both appellant and amicus curiae request attorney fees on appeal. I.A.R. 41; I.C. § 12–121. We award such fees to the amicus curiae to be paid by the appellant. Further, in awarding costs under I.A.R. 40, we have reflected upon the facts of this appeal and have determined that costs should be awarded to the amicus curiae herein as well as to the respondents. It appears that after properly petitioning under I.R.C.P. 71 below, the Turners could not continue to effectively protect their interests absent involvement in this appeal.[5] Turners sought and were granted leave of

---

**3.** I.C. § 13–218. "Effect of dismissal.–The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal."

**4.** The appellant attempts also to appeal certain orders entered in an entirely separate and distinct, though factually related, suit in which she was not a party. Clearly such an attempt is improper and will not be considered by this court.

The respondent attempts to raise certain matters (concerning alleged unperformed obligations of appellant and his previous attorney) in his brief which are styled as a "cross appeal." These contentions, not being presented in compliance with the rules of this court, will not be considered. I.A.R. 18.

**5.** Respondent LaVern Mendenhall had discharged his attorney and had initially indicated that he would not contest the appeal, although later he did submit a *pro se* respondent's brief on appeal.

this court to appear as amicus curiae. The respondent's brief, filed *pro se* after the amicus' brief was filed, is but a photocopy of the amicus' brief with some additions. Costs, and attorney fees, therefore, are awarded to the amicus curiae, to be paid by the appellant; costs but not attorney fees are awarded to the respondent, also to be paid by appellant. I.A.R. 40.

Order affirmed. Costs and attorney fees to amicus curiae, and costs to respondent; all costs and fees to be charged to appellant.