**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 38451**

| | |
|---|---|
| MESENBRINK LUMBER, LLC, d/b/a MESENBRINK LUMBER, LLC, TIMBERCRAFT DIVISION, ) ) ) ) | 2014 Unpublished Opinion No. 540S |
| Plaintiffs-Appellants, ) ) | Filed: August 11, 2014 |
| v. ) ) | Stephen W. Kenyon, Clerk |
| ROGER LIGHTY and FRANCES LIGHTY, individuals; FULTON & LIGHTY, INC., a dissolved Idaho corporation, ) ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendants-Respondents. and ) ) ) | SUBSTITUTE OPINION THE COURT'S PRIOR OPINION DATED JUNE 2, 2014, IS HEREBY WITHDRAWN |
| ZIONS BANCORPORATION, a Utah corporation, d/b/a ZIONS FIRST NATIONAL BANK, and ZIONS FIRST NATIONAL BANK, a national banking coporation, ) ) ) ) ) ) | |
| Defendants. ) ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John P. Luster, District Judge.

Judgment awarding costs and attorney fees, affirmed.

James, Vernon & Weeks, P.A.; Susan P. Weeks, Coeur d'Alene, for appellants. Susan P. Weeks argued.

Holland & Hart LLP; Brian C. Wonderlich, Boise, for respondent. Brian C. Wonderlich argued.

_____

GUTIERREZ, Chief Judge

Mesenbrink Lumber, LLC, d/b/a Mesenbrink Lumber, LLC, Timbercraft Division (Mesenbrink) appeals from the district court's judgment awarding costs and attorney fees to Roger Lighty, Frances Lighty, and Fulton & Lighty, Inc. (Lighty). Specifically, Mesenbrink contends the district court abused its discretion by granting Lighty's motion for an extension of

1

time to file its memorandum of costs and attorney fees. For the reasons set forth below, we affirm.

## I.

## FACTS AND PROCEDURE

In November 2004, Mesenbrink filed suit against Lighty asserting various claims arising from the sale of a wood treatment facility. The litigation continued for approximately six years, during which time numerous trial dates were vacated in anticipation of settlement and then reset. On May 12, 2010, Mesenbrink filed a motion to dismiss pursuant to Idaho Rule of Civil Procedure 41(a)(2),[1] requesting that each party bear their own costs and attorney fees. A hearing was set on the motion for May 18. However, on May 17, the parties filed a "Stipulation for an Order of Dismissal with Prejudice" (Stipulation) indicating the parties were stipulating to dismissal of the action pursuant to Idaho Rule of Civil Procedure 41(a)(1)(ii).[2] The Stipulation stated the parties were reserving the issue of entitlement to costs and attorney fees for resolution by the district court.

On May 25, the district court entered what was apparently the order of dismissal that accompanied Mesenbrink's May 12 motion for dismissal. No certificate of service was included with the order, but it contained a handwritten notation that on May 24, it was faxed to counsel for both Mesenbrink and Lighty. A second handwritten entry indicated the order was again faxed to counsel on June 14.

On June 16, Lighty filed a motion to modify the May 25 order or, in the alternative, to enlarge time. The motion first sought to modify the dismissal order to reflect the parties' intention, as indicated in the Stipulation and a proposed order of dismissal that was submitted by the parties on June 3, that the dismissal was with prejudice. Lighty also argued that if the court declined to modify the May 25 order, it should be granted an enlargement of time, pursuant to

---

[1]    Idaho Rule of Civil Procedure 41(a)(2) provides for dismissal of a suit by order of the court.

[2]    Idaho Rule of Civil Procedure 41(a)(1)(ii) provides that after an answer or motion for summary judgment has been filed, an action may be dismissed by the plaintiff without order of the court by the filing of a stipulation of dismissal signed by all parties.

Idaho Rule of Civil Procedure 6(b),[3] to file a memorandum of costs (which would include attorney fees). Pursuant to Idaho Rule of Civil Procedure 54(d)(5), such a memorandum must have been filed no later than fourteen days "after entry of judgment."[4] Lighty contended there existed excusable neglect for its failure to file a memorandum of costs, arguing it did not receive the May 25 order until June 14, more than fourteen days after the court entered the order.

Following a hearing, the district court granted Lighty's motion for enlargement of time to allow Lighty to file a memorandum of costs. After Lighty filed the memorandum and Mesenbrink submitted a response, the district court entered a memorandum decision and order granting costs and attorney fees to Lighty. The court entered a final judgment on November 5, 2010. Mesenbrink now appeals, contending the district court erred by granting Lighty's motion for enlargement of time to file its memorandum of costs.

## II.

## ANALYSIS

### A. Enlargement of Time

Mesenbrink contends the district court abused its discretion by granting Lighty's Rule 6(b) motion for enlargement of time in which to file its memorandum of costs. A memorandum of costs, including attorney fees, must be filed no later than fourteen days after entry of judgment. I.R.C.P. 54(d)(5). Failure to timely file a memorandum of costs will constitute a waiver of the right to recover attorney fees. *Id*. However, Rule 6(b) permits the enlargement of the time for filing a memorandum of costs. *Estate of Holland v. Metro. Prop. & Cas. Ins. Co.*, 153 Idaho 94, 102-03, 279 P.3d 80, 88-89 (2012); *Wheeler v. McIntyre*, 100 Idaho 286, 289, 596 P.2d 798, 801 (1979). When a motion to enlarge the time is made after the expiration of the time for filing a memorandum of costs, the trial court can extend the time "for

---

[3] As relevant to this case, Idaho Rule of Civil Procedure 6(b) provides that when a motion to enlarge time is made after the expiration of the specified period to act, the trial court can extend the time "for cause shown . . . at any time in its discretion . . . where the failure to act was the result of excusable neglect."

[4] Idaho Rule of Civil Procedure 54(d)(5), entitled "Memorandum of Costs" provides, "At any time after the verdict of a jury or a decision of the court, any party who claims costs may file and serve on adverse parties a memorandum of costs . . . but such memorandum of costs may not be filed later than fourteen (14) days after entry of judgment." The rule further states, "Failure to file such a memorandum of costs within the period prescribed . . . shall be a waiver of the right of costs." *Id*.

cause shown . . . at any time in its discretion . . . where the failure to act was the result of excusable neglect." I.R.C.P. 6(b).

Consistent with the express terms of Rule 6(b), this Court reviews a trial court's decision of whether to grant a motion for enlargement of time for an abuse of discretion. *In re SRBA*, 149 Idaho 532, 538-39, 237 P.3d 1, 7-8 (2010); *see also Wheeler*, 100 Idaho at 289, 596 P.2d at 801. When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

In granting Lighty's motion for enlargement of time, the district court found that confusion resulted from the proposed order connected with the May 12 motion to dismiss and that by virtue of the Stipulation combined with the order the court had signed, the right to pursue costs and attorney fees was preserved. On appeal, Mesenbrink contends Lighty's failure to file a timely memorandum of costs was not the result of excusable neglect and therefore the district court erred in exercising its discretion and allowing the enlargement of time. Mesenbrink premises its argument on a contention that the Stipulation constituted a "judgment" triggering the running of the fourteen-day period in Rule 54(d)(5).

Initially, we note that we need not address Mesenbrink's contention that the Stipulation constituted a judgment triggering the fourteen-day period in which to file a memorandum of costs under Rule 54(d)(5). Although the district court referenced the May 25 order, it did not make an explicit (or even implicit) ruling as to when the fourteen-day period commenced and, as a result, did not base its ruling on such a finding. Thus, even assuming, without deciding, that Mesenbrink is correct that the Stipulation constituted a judgment, we may affirm the district court's determination that enlargement of time was warranted based on the circumstances in the case.

Given that Idaho has no case law interpreting excusable neglect in the context of Rule 6(b), we turn to the settled interpretation of the term in the context of Idaho Rule of Civil Procedure 60(b), which allows a court to relieve a party from a final judgment or order for "mistake, inadvertence, surprise, or excusable neglect." Whether a party's conduct in allowing a

4

default to be entered constitutes excusable neglect is determined by examining what might be expected of a reasonably prudent person under similar circumstances. *Reeves v. Wisenor*, 102 Idaho 271, 272, 629 P.2d 667, 668 (1981); *Johnson v. Pioneer Title Co. of Ada Cnty.*, 104 Idaho 727, 732, 662 P.2d 1171, 1176 (Ct. App. 1983); *see also Washington Fed. Sav. & Loan Ass'n v. Transamerica Premier Ins. Co.*, 124 Idaho 913, 915, 865 P.2d 1004, 1006 (Ct. App. 1993) (noting that when exercising its discretion under Rule 60(b), the court must examine whether the litigant engaged in conduct which, although constituting neglect, was nevertheless excusable because a reasonably prudent person might have done the same thing under the circumstances). The courts must weigh each case in light of its unique facts. *Johnson*, 104 Idaho at 732, 662 P.2d at 1176.

In the case at hand, although the trial court did not expressly use the term "excusable neglect" in identifying its reasons for granting the enlargement of time, the record indicates that the district court recognized it had discretion to grant the enlargement of time; considered the circumstances of the case, including the "confusion" with respect to the various dismissal filings and the clear intent of the parties that the court adjudicate the costs and attorney fees issue; and came to a reasoned conclusion that an enlargement of time was warranted. *See Davison's Air Serv., Inc. v. Montierth*, 119 Idaho 991, 993, 812 P.2d 298, 300 (Ct. App. 1990) (noting, in determining whether the court abused its discretion in reopening a case to receive additional evidence on damages, that "although the trial court did not expressly identify a reasonable excuse justifying the reopening of the case, the record clearly indicates that the district court believed certain evidence on damages had been overlooked because of excusable neglect"). In regard to the confusion obviously present in this case--stemming from the court's apparent mistake in signing the May 25 order--we have specifically recognized that confusion, in concert with the absence of indifference or deliberate delay, supports a finding of excusable neglect. *See Johnson*, 104 Idaho at 733, 662 P.2d at 1177. In addition to the entry of apparently conflicting pleadings in this case, there is no evidence in the record that Lighty engaged in any conduct approaching indifference or deliberate delay.

Furthermore, to the extent Lighty's delay in filing the memorandum was due to an alleged "mistake of law" (which Mesenbrink contends was Lighty not recognizing that the Stipulation constituted a judgment such that the fourteen-day period was triggered), we have noted on several occasions, in the context of Rule 60(b), that in an appropriate situation, a

mistake of law may be treated as excusable neglect. *See Davison's Air Serv., Inc.*, 119 Idaho at 994, 812 P.2d at 301 (holding that error as to the elements of damages to be proved amounted to excusable neglect justifying the reopening of the case); *Schraufnagel v. Quinowski*, 113 Idaho 753, 755, 747 P.2d 775, 777 (Ct. App. 1987) (noting that a mistake of law and excusable neglect may overlap in situations where court orders or notices, taken literally, convey a meaning different from that intended), *disapproved on other grounds by Golay v. Loomis*, 118 Idaho 387, 393, 797 P.2d 95, 101 (1990); *Stirm v. Puckett*, 107 Idaho 1046, 1049, 695 P.2d 431, 434 (Ct. App. 1985) ("T[he] overlap between mistake and excusable neglect necessarily implies the existence of cases where an act or omission might be treated as a mistake of law but also could be treated as excusable neglect.").[5]  Finally, as Lighty points out on appeal, Mesenbrink has never alleged any prejudice suffered by the delay, nor is any apparent in the record. *See Ada Cnty. Highway Dist. v. Acarrequi*, 105 Idaho 873, 875, 673 P.2d 1067, 1069 (1983) (holding the district court did not abuse its discretion in allowing amendment of the respondent's memorandum of costs to include attorney fees where the record disclosed no harm or prejudice resulting to the appellant from the amendment).  Given the unique facts of the case and the considerations articulated by the district court, Mesenbrink has not shown that the court abused its discretion by granting Lighty's motion for enlargement of time.

**B.      Attorney Fees and Costs on Appeal**

Both parties request attorney fees and costs on appeal.  Because Mesenbrink is not the prevailing party, it is not entitled to either. *See Bolger v. Lance*, 137 Idaho 792, 798, 53 P.3d 1211, 1217 (2002).  Lighty requests the award of attorney fees on three grounds: (1) the appeal was "brought, pursued or defended frivolously, unreasonably or without foundation" as provided by Idaho Code § 12-121 and Idaho Rule of Civil Procedure 54(e)(1); (2) the appeal involved a "civil action to recover on . . . any commercial transaction" pursuant to Idaho Code § 12-120(3); and (3) the express terms of the asset purchase agreement executed by the parties in 2001 provides for the award of such fees.

---

[5]      We note that although Mesenbrink now argues on appeal that the fact the Stipulation constituted an automatic dismissal that amounted to a judgment triggering the running of the fourteen-day period was clear based on Idaho caselaw, the record indicates Mesenbrink did not act in a manner consistent with this allegedly clear understanding.  Rather, Mesenbrink was apparently engaged in negotiations with Lighty until June 3 as to the form and substance of an order of dismissal to submit to the court to reflect the Stipulation.

Lighty is entitled to attorney fees on appeal pursuant to section 12-120(3).[6] That section provides, in relevant part: "In any civil action to recover on . . . any commercial transaction . . . the prevailing party shall be allowed a reasonable attorney's fee to be set by the court . . . ." *Id.* "The term, 'commercial transaction' is defined to mean all transactions except transactions for personal or household purposes." *Id.* The critical test is whether the commercial transaction comprises the gravamen of the lawsuit; the commercial transaction must be integral to the claim and constitute the basis upon which the party is attempting to recover. *Esser Elec. v. Lost River Ballistics Technologies, Inc.*, 145 Idaho 912, 921, 188 P.3d 854, 863 (2008).

Here, the claims at issue in this case arose out of a commercial transaction between Mesenbrink and Lighty for the purchase of a wood treatment facility and related property. We agree with Lighty's undisputed assertion that the claims raised were integral to the parties' underlying commercial transaction, namely the asset purchase agreement executed by the parties for the purchase of the treatment facility and assets. Accordingly, as the prevailing party on appeal, Lighty is entitled to an award of reasonable attorney fees pursuant to section 12-120(3).

Mesenbrink contends that if we do award Lighty attorney fees, the amount Lighty requests, $21,532.50, is excessive. Mesenbrink contends this amount, representing 82.3 hours of work, is excessive for preparing the respondents' brief on appeal and preparing for and attending oral argument. In particular, Mesenbrink argues the billing statement indicates duplicative work, including hours billed by another attorney to prepare the attorney, who wrote the appellate brief, for his participation in oral argument. The Court is in agreement that certain work was duplicative. Considering this, as well as the nature and complexity of the case, Lighty is awarded $15,305.50 as reasonable attorney fees.

Lighty also requests costs associated with the preparation of the reply brief and for travel costs to oral argument in Coeur d'Alene. Mesenbrink does not dispute the former, but contends that Idaho Appellate Rule 40(b) does not provide for travel costs and no order was entered allowing for such costs. However, the asset purchase agreement entered by the parties in 2001 specifically provides for the award of "attorneys' fees *or other costs* incurred in connection" with "any . . . legal action or other proceeding . . . brought for the enforcement of this Agreement" to

---

[6] Because we award fees on this basis, we need not address the remaining grounds advanced by Lighty.

the prevailing party. (Emphasis added.) Pursuant to this provision of the parties' agreement, Lighty is entitled to the travel costs requested. Lighty is awarded costs in the amount of $2,706.14.

### III.

### CONCLUSION

Given the circumstances, the district court did not abuse its discretion by granting Lighty an enlargement of time within which to file its memorandum of costs. Thus, the district court's judgment awarding costs and attorney fees to Lighty is affirmed. As the prevailing party on appeal, Lighty is also awarded reasonable attorney fees and costs totaling $18,011.64.

Judge GRATTON and Judge MELANSON **CONCUR.**