812 P.2d 298

**DAVISON'S AIR SERVICE, INC.,**
Plaintiff–Appellant,

v.

**Herb MONTIERTH,**
Defendant–Respondent.

No. 18157.

Court of Appeals of Idaho.

July 9, 1990.

Kenneth D. Roberts, Caldwell, for plaintiff-appellant.

Tway & Rosenheim, Boise, for defendant-respondent. William J. Tway, argued.

BURNETT, Judge.

This case involves a dispute over the aerial application of chemicals to farm land. The dispositive issue on appeal is whether the district court abused its discretion by reopening the case, prior to entering a judgment, for the purpose of receiving additional evidence on damages. We hold that there was no such abuse.

The facts are as follows. Davison's Air Service, Inc., an Idaho corporation, sued Herb Montierth, a farmer, for failing to

pay for the air service's application of insecticide and herbicide on the farmer's land. The farmer filed a counterclaim, alleging that the chemicals had been applied in a negligent manner, producing a crop loss. After a bench trial, the trial court determined that the herbicide had been improperly applied. In a memorandum decision, the court stated that the farmer had suffered a crop loss due to improper application of the herbicide, but that the court would not award damages because they had not been sufficiently proven. Before any judgment was entered, the farmer moved to reopen the case for additional evidence on the damage issue. After hearing oral argument on the motion, the district judge concluded, in a second memorandum decision, that he had authority under I.R.C.P. 59(a)(7) to reopen the case. He granted the farmer's motion. The air service appealed to the Supreme Court from the order reopening the case. The farmer filed a motion to dismiss the appeal on the ground that the order to reopen was not appealable. The Supreme Court determined that the order to reopen the case was tantamount to an order granting a new trial, and therefore was appealable under I.A.R. 11(a)(5). The Supreme Court denied the farmer's motion and assigned the case to the Court of Appeals. We now turn to the merits of the appeal.

The air service argues that reopening the case was beyond the judge's authority under I.R.C.P. 59(a). The rule states:

A new trial may be granted to all or any of the parties and on all or part of the issues in an action for any of the following reasons:

1. Irregularity in the proceedings of the court, jury or adverse party or any order of the court or abuse of discretion by which either party was prevented from having a fair trial.

2. Misconduct of the jury.

3. Accident or surprise, which ordinary prudence could not have guarded against.

4. Newly discovered evidence, material for the party making the application, which he could not, with reasonable diligence, have discovered and produced at the trial.

5. Excessive damages or inadequate damages, appearing to have been given under the influence of passion or prejudice.

6. Insufficiency of the evidence to justify the verdict or other decision, or that it is against the law.

7. Error in law, occurring at the trial. Any motion for a new trial based upon any of the grounds set forth in subdivisions 1, 2, 3 or 4 must be accompanied by an affidavit stating in detail the facts relied upon in support of such motion for a new trial. Any motion based on subdivisions 6 or 7 must set forth the factual grounds therefor with particularity. *On a motion for new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.* [Emphasis added.]

■ The air service maintains that the seven enumerated conditions in Rule 59(a) fetter the trial court's discretion, leaving no authority to reopen a case for any other reason. We are not convinced. The rule, literally read, merely indicates that in a case tried without a jury, the trial judge may reopen the case to take additional testimony. The rule does not expressly state whether one of the seven foregoing conditions must first be demonstrated before the case is reopened. We deem Rule 59(a) to be ambiguous on this point. Therefore, we may examine extrinsic sources to determine the proper meaning of the rule. *See, e.g., Leliefeld v. Johnson,* 104 Idaho 357, 659 P.2d 111 (1983).

■ Our examination begins with the historical application of Rule 59(a). In Idaho, there are no reported decisions suggesting that a judge sitting in a non-jury case is confined to the seven enumerated restrictions listed in Rule 59(a), when deciding whether to reopen a case for additional evidence. Indeed, our case law indicates a trial court may reopen a case, in such cir-

cumstances, at its discretion. *County of Bonner v. Dyer*, 92 Idaho 699, 702, 448 P.2d 986, 988 (1968).

We turn next to a comparative analysis. Although not identical, Rule 59(a), Federal Rules of Civil Procedure, is similar to our Rule 59 in that it also has a section which provides:

> On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.

Discussing this language, Wright and Miller have commented:

> On a motion for a new trial in a nonjury case, the trial court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment.... The restrictions on granting a new trial *do not* apply to a motion to take additional testimony made before a decision has been given in the case.

11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2804 at 37 (1973) (emphasis added). Thus, a federal trial court in a nonjury action may reopen a case to take additional testimony without concerning itself with the restrictions otherwise applicable to a motion for a new trial. *See, e.g., Schick Dry Shaver, Inc. v. General Shaver Corp.*, 26 F.Supp. 190, 191 (D.Conn.1938).

Finally, our examination includes consideration of how other states have addressed this issue. Generally, these states appear to have followed the Wright and Miller analysis. For example, Washington's Rule of Civil Procedure 59(a) enumerates restrictions on the grant on a new trial which are similar to those found in our rule. The Washington rule also provides, as does ours, that a trial court sitting without a jury may reopen a case to take additional testimony. Interpreting this rule, the Washington Court of Appeals has stated "the restrictions on granting a new trial do not apply to a motion to take additional testimony made before the trial court's decision has been given in a nonjury case." *Cerjance v. Kehres*, 26 Wash.App. 436, 613 P.2d 192, 195 (1980).

We believe this approach comports with sound policy considerations. A trial court, sitting without a jury, should not be forced to enter a judgment until it is satisfied that it has heard all necessary evidence. The court should have reasonable discretion to determine the scope of the evidence upon which its judgment is based. The exercise of such discretion is in the interest of justice, and it encroaches on no jury function when the trial has been to the court alone. Thus, we conclude that when a judge is sitting without a jury, he or she may reopen a case to hear additional evidence, prior to final judgment, regardless of the enumerated restrictions in I.R.C.P. 59(a).

Having determined that the enumerated restrictions of Rule 59(a) do not apply, we now must decide what other considerations the trial court should take into account when exercising his discretion. A well-established body of case law holds that such additional evidence should be received only if the party seeking to reopen the case shows some reasonable excuse such as oversight, inability to produce evidence, ignorance of evidence or excusable neglect. *Allen v. Burggraf Const. Co.*, 106 Idaho 451, 680 P.2d 873 (Ct.App.1984).

■ In the case at hand, although the trial court did not expressly identify a reasonable excuse justifying the reopening of the case, the record clearly indicates that the district court believed certain evidence on damages had been overlooked because of excusable neglect. Initially, the farmer offered evidence which demonstrated only his loss of profit from the damage to his grain crop. The farmer evidently did not realize he also had to show how much money he had saved due to the absence of hauling and marketing expenses for the ruined crop. In its first memorandum opinion, the trial court denied a damage award because these elements of the damage computation had not been presented. At the oral argument before the trial court on

whether the case should be reopened, the farmer explained that he had been unaware it was his burden to prove any foregone hauling and marketing costs. The trial court implicitly found this to constitute excusable neglect when it allowed the case to be reopened.

We agree that the farmer's failure to prove the foregone hauling and marketing costs constituted excusable neglect. We have previously held, in the context of I.R.C.P. 60(b), that in an appropriate situation, a mistake of law may be treated as excusable neglect. *Schraufnagel v. Quinowski*, 113 Idaho 753, 747 P.2d 775 (Ct.App.1987). This is such a situation. In Idaho, the measure of damages for crop loss is the difference between the value of crops actually raised and the value of crops that would have been raised under normal conditions, less the cost of maturing, harvesting and marketing such additional portion of the crop. *Casey v. Nampa & Meridian Irrigation Dist.*, 85 Idaho 299, 379 P.2d 409 (1963). However, we can find no Idaho opinion directly addressing the subsidiary question of who bears the burden to prove the cost of maturing, hauling and marketing. Because these foregone costs are savings to the plaintiff, thereby reducing any damage award, one might think intuitively that the burden of proving them rests on the defendant. Nonetheless, in those few states where the issue has been discussed, the burden has been placed on the party seeking the damage award. *See, e.g., Hamburger v. Davis*, 207 Okl. 351, 249 P.2d 723 (1952).

We will follow the same path, noting that the plaintiff generally has better access to relevant information on these elements of cost. However, given the dearth of case law, and the plausibility of arguments in either direction, we conclude that the farmer's failure to adduce evidence of these costs was excusable neglect. The district court did not abuse its discretion by reopening the case before entering judgment.

Finally, the farmer has asked for attorney fees on appeal pursuant to I.C. § 12–121. We will award attorney fees under this statute only if an appeal is brought, pursued, or defended frivolously, unreasonably or without foundation. *Minich v. Gem State Developers, Inc.*, 99 Idaho 911, 591 P.2d 1078 (1979). We believe this appeal presented fairly debatable questions. The request for attorney fees is therefore denied.

We affirm the district court order reopening the case for additional evidence. Costs to respondent. No attorney fees on appeal.

SWANSTROM, J., and GRANATA, J. Pro Tem., concur.