Lee HADLOCK, et al., Plaintiffs,

v.

Suzanne BAECHLER, et al., Defendants.

Civ. No. 90–6110.

United States District Court, W.D. Arkansas, Hot Springs Division.

Feb. 8, 1991.

Q. Bryum Hurst, Jr., Hot Springs, Ark., for plaintiffs.

Charles S. Kramer, St. Louis, Mo., for defendants.

MEMORANDUM OPINION

OREN HARRIS, Senior District Judge.

Before the court is the defendants' written application to appear pursuant to Local

Rule 2 without the aid of local counsel and the defendants' motion to dismiss and for sanctions against the plaintiffs and/or the plaintiffs' attorney. The defendants filed these motions on December 31, 1990. The complaint was filed by the plaintiffs on November 30, 1990. The plaintiffs filed a response to the defendants' motion to dismiss and for sanctions on January 15, 1991. The defendants filed a reply memorandum in support of their motion to dismiss and for sanctions on January 28, 1991.

## LOCAL RULE 2 WRITTEN APPLICATION

Upon reviewing the file and the written application of the plaintiff's attorney the court finds that the application and motion for waiver of designation of local counsel should be granted. The court notes that no objection was raised to the written application. The court further notes that the defendants' counsel is licensed to practice law in the state and federal courts in Missouri and in the state courts of Illinois.

## MOTION TO DISMISS

Defendants motion to dismiss alleges that this court is without personal jurisdiction over the defendants and that the plaintiffs' complaint should be stricken due to the violation of Federal Rule of Civil Procedure 11. The defendants claim that none of the defendants are residents of Arkansas and that none of the defendants have had sufficient contacts with this state to subject themselves to this court's jurisdiction.

According to the defendants, plaintiffs violated Rule 11 by filing a complaint that was not signed by the attorney representing the plaintiffs and by filing a frivolous action. Plaintiffs' counsel, Q. Byrum Hurst Jr., in his response denies that his signature is a required component of the plaintiffs' complaint and states that his name, address, and phone number are contained in the complaint. The twelve page copy of the plaintiffs' complaint in the court's file and the original in the clerk's office in Hot Springs make no mention of Mr. Hurst or any information about any

attorney representing plaintiff. A brief review of the complaint would have advised plaintiffs' counsel of this fact.

## RULE 11 SIGNATURE REQUIREMENT

The individual plaintiff, Mr. Hadlock, signed the complaint for himself and for Lee Hadlock, Inc. on page 12 of the complaint. "It is well settled law that a corporation may be represented only by licensed counsel. [citations omitted] While 28 U.S.C. § 1654 protects parties right to plead and conduct their own cases, that right has never been interpreted to allow an individual to appear for a corporation pro se." *Carr Enterprises, Inc. v. United States*, 698 F.2d 952, 953 (8th Cir.1983). Mr. Hadlock may represent himself, but he cannot represent the corporation or other individuals.

In *Scarrella v. Midwest Federal Savings and Loan*, 536 F.2d 1207 (8th Cir.1976), the Court dismissed the appeals of two of the three appellants pursuant to the signature requirement of Rule 11. Only one appellant signed the notice of appeal purporting to do so on behalf of all the appellants. She was not an attorney.

> Fed.R.Civ.P. 11 states:
> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name, whose address shall be stated ...
> If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant.

Local Rule 3(c)(1) of the Eastern and Western Districts of Arkansas also requires that the filing attorney sign every pleading in his or her individual name and include the attorney's address, zip code and telephone number. The omission of signature was first called to the attention of plaintiffs' counsel in a letter dated December 19, 1990, from defendants' counsel.

Plaintiffs argue in their response to defendants motion to dismiss that defendants must make a showing of hardship or prejudice caused by their noncompliance with

the Federal Rules of Civil Procedure. No such demonstration of prejudice is required by Fed.R.Civ.P. 11.

"Although the failure to sign is considered, generally a mere technical defect ... under appropriate circumstances it may constitute grounds for striking the pleading." *Wrenn v. New York City Health and Hospitals,* 104 F.R.D. 553, 556 (S.D.N.Y.1985); *U.S. v. Philadelphia Health Management Corp.,* 519 F.Supp. 818, 826 n. 9 (E.D.Pa.1981); cf. *Hernandez–Avila v. Averill,* 725 F.2d 25, 28 (2d Cir.1984). In *Wrenn* the court denied leave to amend the complaint because the attorney for the plaintiff, "took over five weeks to provide the Court with a signed pleading after defendants served their moving papers which discussed the fact of the omitted signature." 104 F.R.D. at 556.

A "bungled signature" on a pleading or a pleading filed inadvertently without any signature may be viewed as a technical defect and not a substantial violation of Rule 11. "The law is clear that the pleading shall not be stricken unless the pleader fails to sign it promptly after being alerted to the defect." *Edwards v. Groner,* 116 F.R.D. 578, 579–580 (D. Virgin Islands 1987); e.g., *Holley Coal Company v. Globe Indemnity Co.,* 186 F.2d 291, 295 (4th Cir.1950).

Plaintiffs' attorney omitted his signature from the complaint and failed to remedy the defect after notice from the defendants. The Rule 11 requirement of an attorney's signature on pleadings he files serves as the certification that the attorney, "made a reasonable inquiry, and that the allegations in the complaint or other pleadings are 'well grounded in fact' and are 'warranted by existing law.'" *Witzsche v. Jaeger & Haines, Inc.,* 707 F.Supp. 407, 411 (W.D.Ark.1989).

The failure of an attorney to sign a pleading, "is a glaring and serious omission. Under Rule 11, the failure of an attorney to sign a complaint warrants the striking of it." *Stewart v. City of Chicago,* 622 F.Supp. 35, 37–38 (D.C.Ill.1985); *U.S. ex rel. Sacks v. Philadelphia Health Management Corp.,* 519 F.Supp. 818, 826 (E.D.Pa.1981). In *Schaffer v. Chicago Police Officers,* 120 F.R.D. 514 (N.D.Ill.1988) the plaintiff's attorney refused to sign the complaint because the plaintiff refused to reimburse him for any Rule 11 sanctions that might be assessed in the case. The complaint was stricken due to the attorney's refusal to sign the complaint "promptly after the omission" was called to his attention. 120 F.R.D. at 516.

The Eighth Circuit Court of Appeals upheld the striking of pleadings that were not signed by counsel, but signed by individual plaintiffs attempting to represent themselves and a corporation. *First Iowa Hydro Elec. Coop. v. Iowa–Illinois Gas & E. Co.,* 245 F.2d 613 (8th Cir.1957). The plaintiffs claimed to distrust the local attorneys of record. "[The plaintiffs] own refusal to proceed in accord with Rules of Procedure and wilful and deliberate disobedience of the orders of the Court necessitated and justified the dismissal of the case with prejudice." 245 F.2d at 629.

Plaintiffs' counsel failed to comply with the direction of Local Rule 3(c)(1) and the requirements of Rule 11 of the Federal Rules of Civil Procedure. Plaintiffs' counsel failed to remedy his omission of signature after receiving notice of the defect. Pursuant to the mandate of Rule 11 the complaint will be stricken and the plaintiffs' complaint will be dismissed without prejudice. To allow attorneys to file cases and not certify the pleadings would thwart the safeguards contained in Rule 11.

In reviewing this matter the court has considered the degree of the violation of Rule 11, as well as the early stage of the proceeding. The court will not award sanctions against the plaintiffs or their attorney. The striking of the complaint is an appropriate measure of response to the Rule 11 violation in the present case.

The court will not address defendants' claim of lack of in personam jurisdiction. The striking of the plaintiffs' complaint and dismissal of this action render make that portion of defendants' argument moot.

The striking of the complaint in this matter is not intended to have a chilling effect on the filing of cases by the plaintiffs' counsel or any other attorney. Rule 11 is not intended to be a stumbling block to the

pursuit of justice. The primary goal in the application of Rule 11 is to deter pleading and motion abuses. The avoiding of such abuses serves attorneys, the courts and litigants.

A separate order will be entered pursuant to this opinion.

### ORDER

Pursuant to the Memorandum Opinion entered this date in the above styled and numbered case,

IT IS THEREFORE CONSIDERED, ORDERED AND ADJUDGED that the defendants' Written Application pursuant to Local Rule 2 be and the same is hereby granted.

IT IS FURTHER ORDERED that the defendants' motion to strike the plaintiffs' complaint be and the same is hereby granted.

IT IS FURTHER ORDERED that the defendants' motion for sanctions be and same is hereby denied.

IT IS FURTHER ORDERED that the plaintiffs' complaint be dismissed without prejudice.