Willie Ray WILLIAMS and Michelle Dejesus, Plaintiffs,

v.

Thomas FRAME, Warden, Chester County Prison, et al., Defendants.

Civ. A. No. 92–5411.

United States District Court, E.D. Pennsylvania.

Dec. 16, 1992.

**MEMORANDUM**

ROBRENO, District Judge.

Plaintiffs Willie Ray Williams ("Williams") and Michelle Dejesus ("Dejesus") have filed a single complaint purporting to state claims for various alleged civil rights violations, respectively. For the following reasons, the complaint will be returned to plaintiff Dejesus for further action in conformity with this memorandum.

Although plaintiff Williams signed the complaint, plaintiff Dejesus did not, Fed. R.Civ.P. 11, and while Williams submitted an application to proceed *in forma pauperis*, Dejesus did not submit either the appropriate filing fee, 28 U.S.C. § 1914, or an *in forma pauperis* request. 28 U.S.C. § 1915. Dejesus's failure to sign the complaint presumably stems from the complaint's statement that Williams is acting "in behalf" of Dejesus. Williams, however, does not appear to be an attorney. 28 U.S.C. § 1654 does not allow Williams to act on behalf of Dejesus in this matter, since "[t]he statute does not allow for unlicensed laymen to represent anyone else other than themselves." *Eagle Associates v. Bank of Montreal,* 926 F.2d 1305, 1308 (2d Cir.1991), *quoting Turner v. American Bar Association,* 407 F.Supp. 451, 457 (N.D.Tex.1975), *aff'd sub nom. Pilla v. American Bar Association,* 542 F.2d 56 (8th Cir.1976). *See also, Move Organization v. United States Department of Justice,* 555 F.Supp. 684, 694, n. 34 (E.D.Pa. 1983) ("[T]here is no first-, fifth-, or sixth-amendment right to representation by a layman."). Since Dejesus did not sign the complaint individually and sought to have a non-lawyer "sign" it for her, the complaint as to Dejesus is not in conformity with Rule 11.

Rule 11 states that "if a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." *See also Adams v. Perloff Brothers, Inc.,* 784 F.Supp. 1195 (E.D.Pa.1992) (unsigned *pro se* complaint should be deemed filed at time of original submission to the Court if signed promptly thereafter). Therefore, the Clerk will be

**66**

directed to bring this omission to the attention of Dejesus who shall have thirty days from the date of the accompanying Order within which to sign an original copy of the complaint and return same to the Clerk together with either the requisite fee of $120 or an application to proceed in forma pauperis. As to plaintiff Williams, nothing in this Memorandum and Order shall be construed as a finding on the validity of the claims asserted by him. This Court will remain free to evaluate Williams' claims for frivolity pursuant to 28 U.S.C. § 1915(d) in the event that Dejesus submits an application to proceed *in forma pauperis* rather than the filing fee and that application is granted, or in the event that Dejesus fails to return a signed original copy of the complaint within the specified period.

An appropriate Order will be entered.

ORDER

AND NOW, to wit, this —— day of December, 1992, upon consideration of the Complaint filed on September 17, 1992 by plaintiffs Willie Ray Williams and Michelle Dejesus, plaintiff Dejesus having failed to (a) pay the requisite filing fee of $120 pursuant to 28 U.S.C. § 1914 to commence this action or (b) file a motion to proceed *in forma pauperis* to have the filing fee waived pursuant to 28 U.S.C. § 1915, and plaintiff Dejesus having failed to sign the Complaint as required by Federal Rule of Civil Procedure 11, IT IS ORDERED that the Clerk shall forward an original copy of the complaint filed in this matter to plaintiff Dejesus, who is hereby granted thirty days from the date of this order to sign the original copy of the complaint and return it to the Clerk along with either the requisite filing fee of $120 pursuant to 28 U.S.C. § 1914 or a Motion to Proceed *in forma pauperis* to have the filing fee waived pursuant to U.S.C. § 1915.