81 P.3d 416

Robert BLACK, an individual, and
Robert Marks, an individual,
Plaintiffs–Appellants,

v.

AMERITEL INNS, INC., Defendant–
Respondent.

No. 29580.

Supreme Court of Idaho,
Boise, September 2003 Term.

Nov. 25, 2003.

John Todd, Boise, for appellants. Russell Jones argued.

Jim Jones, Boise, for respondent. Jim Jones argued.

KIDWELL, Justice.

Robert Black and Robert Marks (Appellants) sued Ameritel Inns, Inc. (Ameritel), alleging they were denied accommodations because they were Gypsies. The Appellants' attorney, licensed in Washington but not Idaho, filed a complaint in Idaho district court and signed the Appellants' names as the agent of unrepresented persons. The district court granted Ameritel's motion to strike the complaint because it was not signed as required by Rule 11(a)(1). The district court rejected the Appellants' subsequent motion to reconsider after an attorney licensed in Idaho filed an amended complaint on behalf of the Appellants. The Appellants appealed and the Idaho Court of Appeals reversed the district court's judgment. This Court now affirms the judgment of the district court.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

The Appellants allege Ameritel denied them accommodations because they were Gypsies. The Appellants are residents of Washington. They hired an attorney licensed to practice law in Washington, but not Idaho. As required by Idaho law, the Washington attorney filed a complaint with the Idaho Commission On Human Rights (Commission) on behalf of the Appellants before filing this lawsuit. Idaho Code § 67–5908(2)

(2002). The Commission dismissed their complaint. Upon the dismissal of a complaint before the Commission, a complainant has 90 days to file a civil action in district court. *Id.*

On March 23, 2001, the ninetieth day (90) from the day the Commission dismissed the Appellants' complaint, the Washington attorney filed this lawsuit in Idaho state court alleging a violation of I.C. § 67–5909(5)(a). The Washington attorney signed the names of the Appellants, followed by his initials, as the agent of unrepresented parties. The Washington attorney claims he associated himself with an Idaho attorney for purposes of filing a lawsuit in Idaho state court, but learned the Idaho attorney abandoned the case at the last minute. On May 29, 2001, Ameritel moved to strike the Appellants' complaint on the ground it did not meet the signature requirements of I.R.C.P. 11(a)(1). On June 26, 2001, the Appellants filed an amended complaint using Idaho counsel.

On August 1, 2001, the district court granted Ameritel's motion to strike the complaint on the ground the complaint did not meet the signature requirements of Rule 11(a)(1) because the Washington attorney, not the Appellants, signed the complaint. On August 13, 2001, the Appellants filed a motion to reconsider. On December 4, 2001, the district court denied the motion to reconsider on the grounds the original complaint was defective, so the 90–day statute of limitation was not tolled by filing the original complaint and because the original complaint was defective, the amended complaint did not "relate back" to the date the original complaint was filed. As a result, the amended complaint was filed outside the 90–day limitation period.

The Appellants sought an appeal from the judgment of the district court and the Court of Appeals reversed the district court. The Court of Appeals determined that the original complaint was defective for purposes of Rule 11(a)(1) because an agent signed on behalf of the Appellants, but that the complaint should be treated as unsigned rather than in violation of Rule 11(a)(1). The Court of Appeals then reasoned that since the complaint was unsigned, the Appellants, pursuant to the Rule, could promptly remedy the

defect by properly signing the complaint. The Court of Appeals determined the Appellants were notified of the defect on the date Ameritel filed its motion to strike. As a result, the Court of Appeals reasoned it was 27 days from the date the Appellants were made aware of the defect until they filed their amended complaint. The Court of Appeals then held 27 days was prompt; thus, the defect was properly remedied. Ameritel timely sought, and this Court granted, review of the Court of Appeals' decision. We now affirm the district court.

## II.

### STANDARD OF REVIEW

■ The interpretation of the Idaho Rules of Civil Procedure is a matter of law. *Hutchinson v. State*, 134 Idaho 18, 21, 995 P.2d 363, 366 (Ct.App.1999). This Court exercises free review over matters of law. *Iron Eagle Dev., L.L.C. v. Quality Design Sys., Inc.*, 138 Idaho 487, 491, 65 P.3d 509, 513 (2003).

## III.

### ANALYSIS

**A. The Signature By An Agent Of An Unrepresented Party To A Civil Lawsuit Does Not Satisfy The Signature Requirements Of I.R.C.P. 11(a)(1).**

According to Idaho law:

[e]very pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one (1) licensed attorney of record of the state of Idaho, in the attorney's individual name, whose address shall be stated before the same may be filed. A party who is not represented by an attorney shall sign the pleading, motion or other paper and state the party's address.

I.R.C.P. Rule 11. The express language of Rule 11 requires either a party, or a party's Idaho licensed attorney to sign the pleading. The issue of whether an agent can sign on behalf of a pro se plaintiff is one of first impression in Idaho. There seems to be no

persuasive case law from other jurisdictions directly on point. However, some cases may provide a framework for analyzing the issue.

Appellants argue that Federal case law allows an agent to sign on behalf of an unrepresented party. "When a court is otherwise assured that the party endorses the pleading, even a complete failure to sign has been termed a mere technical defect." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir.1976). In *Covington*, a complaint was signed not by the plaintiff, but rather by the plaintiff's wife as "attorney in fact." *Id.* at 1369. The Court reasoned "[w]ithout deciding whether a signature by a spouse as attorney in fact can be sufficient under Rule 11, we can easily conclude that sua sponte dismissal with prejudice is not a proper disposition in face of this arguable defect, at most a technical defect." *Id.* Furthermore, "Mrs. Covington was purporting to be Mr. Covington's authorized agent, and did not represent herself to be a lawyer." *Id.* However, it should be noted that "Edwin Covington himself signed the request for a certificate of probable cause." *Id.* Thus, the Court was assured the plaintiff assented to the filing of the complaint.

■ In this case, the Appellants' Washington counsel wrote and signed a complaint on behalf of the Appellants. The attorney was licensed in Washington, but not licensed in Idaho. In *Covington*, there is no indication that Mrs. Covington also wrote the complaint as the Washington attorney did in this case. *See Covington*, 528 F.2d at 1365. Although in *Covington* the court discussed that a signature by a spouse as attorney in fact was a mere "technical defect," this case presents a larger problem than a mere technical defect. Simply, the failure to sign has been considered a mere technical defect; yet, under appropriate circumstances, such as this case, it may constitute grounds for striking the pleading. *See Wrenn v. New York City Health Hospitals Corp.*, 104 F.R.D. 553 (1985).

■ Although pertaining to notice of appeals rather than the filing of a complaint, by analogy, "a notice of appeal signed by a nonlawyer on his own behalf and on behalf of another effects an appeal as to the signor."

*Gonzales v. Wyatt*, 157 F.3d 1016, 1021 (5th Cir.1998). Thus, both pro se litigants must sign a notice of appeal. *Carter v. Stalder*, 60 F.3d 238, 239 (5th Cir.1995); *see Church v. Comm'r of IRS*, 810 F.2d 19 (2nd Cir.1987). The *Gonzales* Court distinguished the situation where a nonlawyer signs the notice of appeal on behalf of another and where a party submits the notice unsigned. *Gonzales*, 157 F.3d at 1021. "Where a nonlawyer purports to file a notice of appeal for another, no signing or ratification by the thus 'represented' party after expiration of the [statute of limitations] period can be effective." *Id.* at 1022. Thus, a nonlawyer cannot sign a notice of appeal on behalf of another. *Id.* Although the Washington attorney did not sign and file the Appellants' claim under his own name, i.e., as Washington attorney, he signed the Appellants' names and initialed his own, as their agent. In conclusion, this Court holds that pursuant to the signature requirements of I.R.C.P. Rule 11(a)(1), an agent cannot sign a complaint for unrepresented parties.

### B. Because An Agent Cannot Sign A Complaint, The Complaint Should Be Treated As Signed In Violation Of The Rule.

■ Idaho Rules of Civil Procedure require pleadings to be signed by either a licensed Idaho attorney or a pro se party. I.R.C.P. Rule 11(a)(1). The rule also provides that "[i]f a pleading, motion or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." *Id.* There seems to be no case law interpreting Rule 11 to aid the analysis as to whether the Appellants' first complaint was unsigned or signed in violation of the rule. However, a closer look can aid this Court's interpretation.

■ The rule requires a signature of only two varieties, i.e., licensed attorney, or pro se party. The rule also allows a cure for pleadings with an omitted signature. It follows that the provision allowing a cure is intended to benefit parties or attorneys who inadvertently omit signing their pleadings. A cure is provided so that cases can be heard on

their merits because "*Rule 11* is not intended to be a stumbling block to the pursuit of justice. The primary goal in the application of *Rule 11* is to deter pleading and motion abuses." *Hadlock v. Baechler*, 136 F.R.D. 157, 159 (W.D.Ar.1991). However, the Washington attorney and the Appellants did not omit their signatures inadvertently. Rather, the Washington attorney drafted, signed, and placed his initials on the complaint so that it would be filed in time. Therefore, we hold that the complaint was signed, but in violation of Rule 11.

Federal courts have found improper signatures can be cured. "A 'bungled signature' on a pleading or a pleading filed inadvertently without any signature may be viewed as a technical defect and not a substantial violation of Rule 11. 'The law is clear that the pleading shall not be stricken unless the pleader fails to sign it promptly after being alerted to the defect.' " *Hadlock*, 136 F.R.D. at 159. However, federal case law may only be of very limited persuasive value because the Federal Rules of Civil Procedure Rule 11, which is the federal version of Idaho Rule 11, does not have a separate provision describing the available sanction for pleadings signed in violation of the rule. Fed.R.Civ.P. 11. The Idaho rule provides: "[i]f a pleading, motion, or other paper is signed in violation of this rule...the court shall impose upon the person who signed it, a represented party, or both, an appropriate sanction." I.R.C.P. Rule 11(a)(1). Therefore, it is reasonable to conclude the Idaho and Federal rules differ because the federal cure provision applies equally to unsigned complaints and complaints signed in violation of Rule 11, whereas the Idaho Rule 11 cure provision only applies to unsigned complaints.

In conclusion, this Court holds the Appellants violated Rule 11 by submitting an improper signature. Their amended complaint may not relate back in time as a cure to the previous complaint because the complaint was signed in violation of Idaho Rule 11 and, thus, is time barred because the subsequent complaint filing occurred beyond the 90–day statute of limitations period.

## C. Even If Idaho Rule 11's Cure Provision Applied, The Complaint Was Not Promptly Cured.

■ As the Court of Appeals observed, neither Idaho Rule 11(a)(1) nor Idaho case law defines "promptly." As such, federal case law may provide some persuasive authority to interpret Idaho Rule 11(a)(1) because the federal and Idaho rules are substantially similar. I.R.C.P. 11(a)(1); Fed. R.Civ.P. 11.

To determine whether the Appellants' amended complaint was prompt, it must first be determined from which date the time period began to run. Common sense reasoning guides this Court's analysis. Respondent argues that the date should run from the date the first complaint was filed; however, the Appellants argue the date should be computed from the date notice of the Respondent's motion to strike was received by mail. To accept the Appellants' argument would mean this Court would have to agree that the Washington attorney had no notice of any defect in the signing of the original complaint. This seems to be a stretch especially since there is no case law that expressly allows an agent to sign for an unrepresented party. A lawyer acting prudently would have promptly amended his client's complaint with proper signatures, rather than 64 days later. In short, because there was no explicit authority for the Washington attorney to sign as his clients' agent, he should have been on notice of a defect; therefore, the time period began to run at the time of filing the original complaint.

This Court must next determine the length of time for a prompt cure. In *Williams v. Warden*, a pro se plaintiff failed to sign his complaint. The Court held the pro se plaintiff "shall have thirty days from the date of the accompanying Order within which to sign an original copy of the complaint and return same to the Clerk." *Williams v. Warden*, 145 F.R.D. 65, 66 (E.D. Penn 1992). Also, a court denied a leave to amend because papers were served that discussed an omitted signature on the pleading, and plaintiff did not provide a signed pleading for five weeks. *Wrenn v. New York City Health and Hosp. Corp.*, 104 F.R.D. 553, 556 (D.C.N.Y.1985).

Thus, an amendment in 30 days seems to be prompt, while 35 days seems not to be prompt.

The Appellants took 64 days to cure their defective complaint because Appellants' Washington attorney was on notice of the complaint's defect at the time of filing of the original complaint. As such, the amended complaint was not prompt even if Idaho Rule 11's cure provision for unsigned complaints were to apply.

## D. Ameritel Is Not Entitled To Attorney Fees On Appeal Pursuant to I.C. § 12–121.

■ The Respondent seeks attorney fees on appeal based on I.C. § 12–121. This Court "will award attorney fees under this statute only if an appeal is brought, pursued, or defended frivolously, unreasonably or without foundation." *Davison's Air Serv. Inc., v. Montierth*, 119 Idaho 991, 993, 812 P.2d 298, 300 (Ct.App.1990). No attorney fees are awarded if there are fairly debatable questions. *See id.* In this case, the Appellants are raising issues of first impression to this Court. Furthermore, there is no consensus as to how other courts have treated these issues, so the arguments presented by the Appellants are reasonable and not frivolous. Therefore, no attorney fees are awarded.

## IV.

## CONCLUSION

This Court holds that pursuant to the signature requirements of I.R.C.P. Rule 11(a)(1), an agent cannot sign a complaint on behalf of unrepresented parties and that Appellants' original complaint was signed in violation of the Rule. Even if Idaho's Rule 11 cure provision were to apply, Appellants' Washington attorney was on notice of a signing defect at the time of filing because no clear precedent established that an agent can sign a complaint on behalf of unrepresented parties. Therefore, the Appellants' subsequent amended complaint, filed 64 days after the original filing, is not prompt. No attorney fees are awarded; costs are awarded to Respondent.

**516**

Chief Justice TROUT, Justice SCHROEDER and BURDICK concur.

EISMANN, J., CONCURRING IN THE RESULT.

Justice EISMANN, concurring in the result.

I do not believe that Rule 11(a)(1) of the Idaho Rules of Civil Procedure authorizes the striking of the complaint in this case. The purpose of that rule is to insure that a document filed in a case is signed either by an attorney licensed to practice law in Idaho, or by the litigant if he or she is not represented by an attorney licensed to practice in Idaho, so that an appropriate sanction can be imposed if the document was signed in violation of the rule.

> Rule 11 requires that the pleading be (1) well grounded in fact, (2) warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and (3) not interposed for any improper purpose, such as to harass or cause unnecessary delay or needless increases in the costs of litigation.

*Koehn v. Riggins,* 126 Idaho 1017, 1021, 895 P.2d 1210, 1214 (1995). If the attorney or litigant signs the document in violation of these requirements, then he or she is liable for sanctions under Rule 11(a)(1). In this case, there is nothing in the record indicating that the complaint was signed in violation of Rule 11(a)(1).

Rule 11(a)(1) also provides, "If a pleading, motion or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant." This provision provides a means of forcing a proper signature. I agree that a document that is not signed by either an attorney licensed to practice law in Idaho or the litigant, if he or she is unrepresented in the action, should be considered as being unsigned. The rule only provides, however, that the document can be stricken if it is not signed "promptly after the omission is called to the attention of the pleader or movant." The phrase "called to the attention" indicates not knowledge on the part of the pleader or movant but someone else raising the issue. Here, the issue was raised when Ameritel filed its motion to strike, and a properly signed amended complaint was filed twenty-eight days later. In my opinion, that constituted promptly signing the complaint after the omission of a signature was called to the attention of the pleader.

The district court properly struck the complaint, however, because the filing of it constituted the unauthorized practice of law. Russell Jones, the appellants' attorney, is not licensed to practice law in the state of Idaho. He drafted the complaint, signed his clients' names to it without them having reviewed it, and then had it filed with the clerk of the district court in Ada County, Idaho. Such conduct constituted the unauthorized practice of law. *In re Depew,* 98 Idaho 215, 560 P.2d 886 (1977); *In re Brainard,* 55 Idaho 153, 39 P.2d 769 (1934). Where the filing of the complaint constituted the unauthorized practice of law, the district court did not abuse its discretion by striking it. As we stated in *Brainard,* "The particular reason or necessity for having the legal work performed is not a justification to practice law without being admitted." 55 Idaho at 156–57, 39 P. 2d at 771.