# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 47506

| | | |
|---|---|---|
| CHRISTOPHER LUCK, as legal Guardian and Conservator for ETHEL LUCK, | ) ) ) ) | Boise, November 2021 Term |
| Plaintiff-Appellant, | ) ) | Opinion filed: September 2, 2022 |
| v. | ) ) | Melanie Gagnepain, Clerk |
| SARAH ROHEL, | ) ) | |
| Defendant-Respondent. | ) ) | |

Appeal from the District Court of the First Judicial District of the State of Idaho, Kootenai County. John T. Mitchell, District Judge.

The judgment of the district court is <u>vacated</u> and <u>remanded</u>.

James, Vernon & Weeks, Coeur d'Alene, for Appellant. Monica M. F. Brennan argued.

Law Offices of Mark Dietzler, Liberty Lake, WA, for Respondent. Jaron A. Robinson argued.

_____

ZAHN, Justice.

Christopher Luck, as legal guardian and conservator for Ethel Luck, appeals the district court's dismissal of Ethel's negligence claim against Sarah Rohel for injuries Ethel sustained in a car accident. For the reasons discussed below, we vacate the district court's decision and remand for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On March 13, 2017, Ethel and Rohel were involved in an automobile accident in Coeur d'Alene, Idaho. On March 13, 2019, the last day before the applicable statute of limitations ran, Amy Clemmons, Ethel's daughter, signed and filed a Complaint, pro se, in the Kootenai County District Court against Rohel on Ethel's behalf, alleging a single count of negligence. Clemmons named a single plaintiff, "AMY CLEMMONS, as Guardian for ETHEL

1

LUCK" and signed the Complaint "AMY CLEMMONS, Guardian for Ethel Luck, pro se." The Complaint alleged, in pertinent part,

> 1.2    Plaintiff has Alzheimer's disease and/or is experiencing memory and cognitive issues. Amy Clemmons is Plaintiff Ethel Luck's daughter, has Power of Attorney to act on behalf of Ethel Luck, and is acting as the Guardian for Ethel Luck in this matter.

Ethel did not sign the Complaint. The same day, Ethel signed a durable power of attorney designating Clemmons as her attorney-in-fact. Clemmons is a licensed Washington attorney, who, at the time the Complaint was filed, was not licensed to practice law in Idaho.

A little over a month later, on April 16, 2019, Clemmons filed an Amended Complaint, pro se, which continued to identify the same plaintiff, "AMY CLEMMONS, as Guardian for ETHEL LUCK." Both Ethel and Clemmons signed the Amended Complaint. Clemmons signed the Amended Complaint "AMY CLEMMONS, Pursuant to Idaho Rules of Civil Procedure 17 acting as Guardian for Ethel Luck, pro se."

On April 18, Rohel filed a "motion to strike complaint pursuant to special appearance" which sought to strike the Complaint under Idaho Rule of Civil Procedure 11 and Idaho Code section 3-104. Rohel signed and served her motions on April 12, 2019, but they were not filed with the district court until April 18. Thus, Rohel signed and served her motions before Clemmons filed her Amended Complaint on April 16. Rohel argued the Complaint should be struck because Clemmons, who was not licensed to practice law in Idaho, signed the Complaint.

Contemporaneous with filing her motion to strike, Rohel also filed a "motion to dismiss pursuant to special appearance" in which she sought to dismiss the Complaint under Idaho Rule of Civil Procedure 9(a)(2), Idaho Rule of Civil Procedure 12(b)(2), (b)(5) and (b)(6), and Idaho Code sections 3-104 and 5-219. Rohel argued the Complaint should be dismissed because Clemmons had not been appointed as Ethel's guardian, was not admitted to the Idaho State Bar and therefore, lacked authority to file the Complaint on Ethel's behalf.

Clemmons subsequently retained an attorney, who filed a notice of appearance on April 23, 2019. The notice of appearance failed to specify whether counsel appeared on behalf of Clemmons, Ethel or both. We assume, however, based on the caption of Clemmons's Complaint and subsequent arguments made to the district court, that counsel only appeared on behalf of Clemmons. On May 23, newly retained counsel filed a response to Rohel's motion to strike and motion to dismiss. Counsel argued that Idaho law allowed Clemmons to act as a general guardian

and as such, Clemmons was the real party in interest and could initiate a lawsuit pro se, on behalf of Ethel. Additionally, counsel argued that any deficiencies in the Complaint had been cured pursuant to Rule 11 because Ethel signed the Amended Complaint. Counsel also noted that after entering a notice of appearance, he "lodged" a proposed Amended Complaint. However, there is no such document in the record, nor does the record contain any indication that counsel moved to amend the Complaint or that he signed and refiled the Amended Complaint filed by Clemmons.

At the motion hearing on May 30, the district court noted that counsel had lodged an amended complaint and asked if he had filed a motion to amend. Counsel answered,

> We haven't brought one because we lodged the proposed one, and we'd bring a motion to amend that complaint at the proper time. . . the requirement to amend is really in my mind, was going to be dependent on the court's ruling . . . The Court may very well rule that the party in interest is the guardian and the guardian has the right to file in their name on behalf of the ward, and if they can file pro se, there wouldn't be any need to amend, so I think it's important that we hear your judgment on the matter before I request a motion to amend the complaint.

On June 24, 2019, the district court issued a written order granting Rohel's motion to strike. The district court stated it was striking Clemmons's Complaint because it was signed in violation of Rule 11(a) and Idaho Code section 3-104. The district court explained that the improper signature could not be cured under Rule 11 and therefore, deemed the original Complaint a nullity. Further, the district court explained that because the original Complaint was stricken, the proposed Amended Complaint lodged with the court would not relate back to the filing of the original Complaint. Because the original Complaint was filed on the last day of the two-year statute of limitations, the district court dismissed the Complaint with prejudice because any amended complaint would be untimely.

The district court also found that the "record is devoid of any documentation showing that Clemmons is [Ethel]'s guardian . . . [and] a formal hearing has neither been requested nor held to determine whether [Ethel] is legally incompetent for purposes of this case." However, the district court proceeded to address the other bases raised by Rohel in support of her motion to dismiss "as though Clemmons [was] the general guardian of [Ethel], and that [Ethel] is an incompetent adult." The district court explained that, absent this assumption, "[i]t is well-established that a non-attorney is prohibited from representing another layperson in a pro se capacity, and to do so would be to engage in the unauthorized practice of law." Relying on its assumption that Ethel was incompetent and that Clemmons was acting as her general guardian,

3

the district court conducted a multi-step analysis before concluding the Complaint should be stricken.

First, it concluded that under Rule 17, Clemmons, as Ethel's general guardian, was permitted to sue on Ethel's behalf, but could do so only with the assistance of a licensed attorney. The district court concluded that nothing in Rule 17 permits a "non-attorney guardian to initiate suit on behalf of another without the assistance of a licensed attorney" and to hold otherwise would render Idaho Code section 3-104, which prohibits the unlicensed practice of law, meaningless.

Next, the district court determined that the original Complaint did not comply with Rule 11(a) because it was not signed by an attorney licensed to practice law in the State of Idaho or signed by Ethel. The district court also concluded that the cure provision of Rule 11(a) only applied when a complaint is unsigned, rather than signed in violation of Rule 11. Because the Complaint was signed in violation of Rule 11, the district court found that the cure provision did not apply.

Finally, in light of the above conclusions, the district court determined that the original Complaint was a nullity and therefore, any Amended Complaint that may be filed would not relate back to the filing date of the original Complaint. Consequently, the district court concluded that filing an Amended Complaint would be futile because it would be time barred as the two-year statute of limitations for a negligence action pursuant to Idaho Code section 5-219 had run. Accordingly, the district court dismissed Ethel's case with prejudice.

On July 9, 2019, Clemmons's counsel filed a motion for reconsideration, arguing that the district court had not considered whether the statute of limitations could be tolled because Ethel was incompetent. Clemmons contended that permitting her to file a proposed Amended Complaint would not be futile if the statute of limitations were tolled by Ethel's incompetence. To that end, Clemmons filed a Second Amended Complaint on July 12, without leave of the district court or Rohel's consent. Clemmons also filed an affidavit, wherein she stated that Ethel was incompetent at the time of the accident. The Second Amended Complaint included new allegations and was only signed by Clemmons's attorney. Rohel filed a motion to strike the Second Amended Complaint on August 6.

The district court held a hearing on Clemmons's motion for reconsideration and Rohel's motion to strike. At the hearing, the district court granted Rohel's motion to strike the Second

4

Amended Complaint due to Clemmons's failure to comply with Idaho Rule of Civil Procedure ("Rule") 15(a)(2). Additionally, at the hearing, the district court struck Clemmons's affidavit regarding Ethel's competency as untimely and inadmissible due to lack of foundation. In a subsequent written order, the district court denied Clemmons's motion for reconsideration because she had not petitioned for a finding of incapacity and the appointment of guardian and, therefore, there was no evidence that Ethel was incompetent at the time the cause of action accrued.

On October 23, 2019, Clemmons timely filed a notice of appeal. On May 15, 2020, in connection with a separate guardianship case, the district court appointed Christopher as Ethel's guardian and conservator. Christopher later moved to intervene in this action on Ethel's behalf, which this Court granted. On December 4, 2020, this Court granted Christopher's motion to amend the notice of appeal to change issues and add the proper parties pursuant to Idaho Appellate Rule 17(m). As such, Christopher is now the appellant in this appeal.

## II. ISSUES ON APPEAL

1. Did the district court err when it concluded that Rule 17 did not permit Clemmons to file the Complaint pro se on behalf of Ethel?
2. Did the district court err when it struck Clemmons's Complaint as a nullity because it did not comply with Rule 11(a)?
3. Did the district court err in finding that Ethel's incapacity did not toll the statute of limitations?
4. Did the district court err in dismissing the case with prejudice?

## III. STANDARD OF REVIEW

When this Court reviews a motion to dismiss, it applies the same standard of review as that of summary judgment. *Garcia v. Pinkham*, 144 Idaho 898, 899, 174 P.3d 868, 869 (2007). "Summary judgment is appropriate if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Paslay v. A&B Irrigation Dist.*, 162 Idaho 866, 869, 406 P.3d 878, 881 (2017). A motion to dismiss for failure to state a claim should not be granted " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief.' " *Id.* (quoting *Taylor v. Maile*, 142 Idaho 253, 257, 127 P.3d 156, 160 (2005)). "After viewing all facts and inferences from the record in favor of the non-moving party, we will ask whether a claim for relief has been stated." *Garcia*,

144 Idaho at 899, 174 P.3d at 869 (quoting *Rohr v. Rohr*, 128 Idaho 137, 141, 911 P.2d 133, 137 (1996)). When interpreting matters of law, this Court exercises free review. *Black v. Ameritel Inns, Inc.*, 139 Idaho 511, 513, 81 P.3d 416, 418 (2003).

## IV.    ANALYSIS

As an initial matter, we note that Christopher concedes that there is no evidence before this Court that Clemmons had ever been duly appointed as guardian or conservator for Ethel. Thus, Ethel never had a legal guardian during the proceedings before the district court in this matter. Further, Christopher concedes that Clemmons violated Idaho Code section 3-104 because she was unlicensed to practice law in Idaho when she filed the Complaint on behalf of her mother. Christopher does not squarely address the district court's finding that the Complaint failed to comply with Rule 11(a) because Clemmons signed the Complaint while she was unlicensed to practice law in Idaho. Instead, Christopher challenges the district court's conclusion that Clemmons's Complaint was a nullity and argues that the district court should (1) permit Christopher to amend the Complaint to remedy the defect and (2) allow the amendment to relate back to the initial Complaint.

### A.  Rule 17 did not permit Clemmons to act pro se on behalf of Ethel.

The district court found that a non-attorney guardian cannot draft, sign, and file pleadings in a pro se capacity under Rule 17. The district court explained that to hold otherwise would render Idaho Code section 3-104 meaningless.

Rule 17(a)(1)(D) states that "a guardian" "may sue in their own names without joining the person for whose benefit the action is brought." Rule 17(c) allows a "general guardian" to sue on behalf of an incompetent person. Nothing in Rule 17, however, permits a guardian or general guardian to sue on behalf of another in a pro se capacity. Rule 11(a), however, requires every pleading to be signed by an attorney licensed in the State of Idaho or by a party personally, if the party is unrepresented. While Rule 17(a) may permit a guardian to sue in their own name, they are still acting on behalf of another and therefore are not acting in their personal capacity. The same principle applies to a general guardian who sues on behalf of an incompetent person pursuant to Rule 17(c). Idaho Code section 3-104 prohibits the unlicensed practice of law, which includes offering "legal advice and counsel, and the preparation of instruments and contracts through which legal rights are secured." *Citibank (S. Dakota), N.A. v. Carroll*, 148 Idaho 254,

6

260, 220 P.3d 1073, 1079 (2009). Clemmons's actions, even if they were well-intentioned, were in contravention of Rule 11 and were prohibited by Idaho Code section 3-104.

**B. The district court erred in applying the rule of nullity to strike Clemmons's Complaint.**

Christopher contends that the district court erred when it applied the rule of nullity to strike Clemmons's Complaint and to conclude any amendment would be futile because it could not relate back to the Complaint. Rohel argues that the district court properly applied the remedy of nullity because Clemmons signed the Complaint in violation of Rule 11(a).

In reaching its decision, the district court relied heavily on this Court's holding in *Black v. Ameritel Inns, Inc.*, 139 Idaho 511, 81 P.3d 416 (2003). We hold that the district court erred in doing so because our holding in *Black* was based on the sanction language previously contained in Rule 11, which has since been removed. As a result, the remedy identified in *Black* is no longer applicable to situations when someone who is not licensed to practice law in Idaho signs a complaint on behalf of another.

In *Black*, this Court considered whether the district court erred when it struck a complaint because it was not signed by an individual licensed to practice law in Idaho. *Id.* at 514, 81 P.3d at 419. Like the case at hand, *Black* involved a Washington attorney who, despite being unlicensed in Idaho, signed a complaint as the plaintiffs' agent and filed it in the Ada County District Court. *Id.* at 512, 81 P.3d at 417. The district court struck the first complaint and refused to allow an amended complaint, filed after the relevant statute of limitations had run, to relate back to the date of the first complaint. *Id.* On appeal, this Court held that an agent could not sign a complaint on an unrepresented party's behalf, and, as such, the first complaint had been signed in violation of Rule 11(a). *Id.* at 514, 81 P.3d at 419.

The Court then considered whether Rule 11(a)'s cure provision would allow the plaintiffs to avoid dismissal by later filing a properly signed amended complaint. *Id.* The Court noted that Rule 11(a)(1) provided that the district court "shall impose" an appropriate sanction for a pleading signed in violation of the rule, while simultaneously providing that an unsigned pleading could be cured if signed promptly after the omission was called to the attention of the pleader or movant. *Id.* Accordingly, this Court held that the cure provision of Rule 11(a)(1) only applied to *unsigned* pleadings, but not to pleadings that had been *improperly signed*. *Id.* This Court held that the plaintiffs violated Rule 11 by submitting an improper signature and determined the amended complaint could "not relate back in time as a cure to the previous

complaint because the complaint was signed in violation of Idaho Rule 11 and, thus, is time barred." *Id.*

When this Court decided *Black*, the sanction provision of Rule 11 stated,

> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one (1) licensed attorney of record of the state of Idaho, in the attorney's individual name, whose address shall be stated before the same may be filed. A party who is not represented by an attorney shall sign the pleading, motion[,] or other paper and state the party's address. Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit. The signature of an attorney or party constitutes a certificate that the attorney or party has read the pleading, motion[,] or other paper; that to the best of the signer's knowledge, information, and belief after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation. If a pleading, motion[,] or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. ***If a pleading, motion[,] or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.***

I.R.C.P. 11(a)(1) (2003) (emphasis added).

Rule 11 was subsequently amended in 2016. The amendment modified the sanction language from Rule 11(a)(1) and moved it to a separate subsection. Rule 11 now reads, in pertinent part,

> **(a) Signature.** Every pleading, written motion, and other paper must be signed by at least one attorney of record licensed in the State of Idaho, in the individual attorney's name, or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.
>
> **(b) Representations to the Court.** By presenting to the court a pleading, written motion, or other paper, whether by signing, filing, or submitting, or later advocating it, an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

8

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

**(c) Sanctions.**

(1) *In General.* ***If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court must impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.*** A law firm may be held jointly responsible for a violation committed by its partner, associate, or employee.

. . .

I.R.C.P. 11 (emphasis added). The 2016 amendments removed the requirement that the district court impose a sanction for pleadings signed in violation of Rule 11(a), and directed that a sanction will only be imposed for violations of Rule 11(b), which concerns representations to the court.

Here, in granting Rohel's motion to strike and motion to dismiss, the district court relied on this Court's reasoning in *Black* and concluded that the original Complaint should be stricken because it was signed in violation of Rule 11(a). As a result, it could not be cured by the filing of the proposed Amended Complaint, and any proposed Amended Complaint would not relate back to the original Complaint. We hold that the district court erred because the remedy we applied in *Black* is no longer applicable in light of the subsequent amendments to Rule 11.

To the extent the district court's decision relied on the common law rule of nullity, this Court has expressly rejected the rule. *See Trimble v. Engelking*, 130 Idaho 300, 302, 939 P.2d 1378, 1381 (1997). In *Trimble*, an individual injured in an automobile collision sued the deceased driver of the other vehicle five days before the statute of limitations ran but did not name the decedent's estate as a party. *Id.* at 300–01, 939 P.2d at 1379–80. The complaint was dismissed on the grounds that a deceased person cannot be sued. *Id.* at 301, 939 P.2d at 1380.

The plaintiff then moved the district court to amend the complaint to add the estate as a party and to allow the amended complaint to relate back to the filing date of the original complaint. *Id.* The district court denied the motion, concluding that the original complaint was a nullity and therefore, the amended complaint would have nothing to which it could relate back. *Id.* This Court vacated the district court's order dismissing the complaint, reasoning that the rule of nullity "would frustrate the purpose of our modern rules of pleading which seek to promote the resolution of disputes on their merits rather than to bar suit based on antiquated pleading requirements." *Id.* at 302, 939 P.2d at 1381 (citing I.R.C.P. 1(a)). Accordingly, this Court declined to adopt the nullity rule in Idaho and held that "where a party has been named improperly, amendment and relation back should be allowed where the requirements of I.R.C.P. 15(c) are met." *Id.* at 302–03, 939 P.2d at 1381–82.

We find no reason to depart from our holding in *Trimble* and decline to apply the rule of nullity in this case. The current version of Rule 11(a) only provides a consequence for unsigned papers. *See* I.R.C.P. 11(a) ("The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.") We hold that when a party moves to amend an improperly signed pleading, written motion, or other paper to cure a violation of Rule 11(a), a district court has the discretion to permit a party to cure the signature, depending on the circumstances of the particular case. In light of our holding that the district court erred by applying the rule of nullity in this case, we remand this matter to allow the district court to exercise its discretion and determine whether to allow Clemmons to cure the improper signature.

Further, as both Rohel and the district court appear to have relied on it, we clarify that our opinion in *Pierce v. McMullen*, 156 Idaho 465, 328 P.3d 445 (2014) did not adopt the rule of nullity in Idaho. In *Pierce*, this Court held that the district court erred in denying the plaintiff damages when the defendant failed to appear at trial and contest the plaintiff's evidence of damages. 156 Idaho at 468, 471, 328 P.3d at 448, 451. The plaintiff obtained an entry of default when the defendants, McMullen and Highland Financial, LLC, failed to appear at trial. *Id.* However, the plaintiff subsequently filed an amended complaint seeking punitive damages, which waived the entry of default. *Id.* at 469, 328 P.3d at 449. After the plaintiff filed an amended complaint, McMullen, who was not licensed to practice law in Idaho, filed a notice of appearance and answer on behalf of himself and Highland Financial. *Id.* In reciting the factual

background of the case, this Court stated that filings by McMullen on behalf of Highland Financial were "nullities." 156 Idaho at 468, 471, 328 P.3d at 448, 451. We do not read this Court's passing use of the term "nullities" to imply that this Court was adopting the rule of nullity. Moreover, even if we were to read *Pierce* as referencing the rule of nullity, the discussion was dicta and therefore is not binding on this Court. *See, e.g.*, *State v. Hawkins*, 155 Idaho 69, 74, 305 P.3d 513, 518 (2013) ("If the statement is not necessary to decide the issue presented to the appellate court, it is considered to be dictum and not controlling.").

**C. The district court did not err in finding that Ethel's incapacity did not toll the statute of limitations.**

Christopher argues the district court erred in denying Clemmons's motion for reconsideration because Ethel's incapacity tolled the statute of limitations. The district court found that Ethel was "not legally incompetent, as a petition for a finding of incapacity and appointment of guardian [had] not been filed with the Court, as required by Idaho law, and thus a hearing to determine [Ethel]'s competency was not held." Therefore, the district court concluded it was required to apply the legal presumption that Ethel was competent. The district court determined,

> Clemmons' argument that the Court failed to address its legal or equitable duty to protect incompetent parties under I.C. § 5-306 and under I.C. § 5-230 . . . . falls on deaf ears as it is not this Court's duty to thwart a legal presumption that Ms. Luck is competent when Luck, and others on her behalf have done absolutely nothing to overcome that presumption.

Additionally, the district court concluded that even if Ethel had been deemed legally incompetent, section 5-230 would not toll the statute of limitations, because the "record is devoid of any evidence indicating that Luck was [incompetent] at the time the vehicle accident occurred." That code section provides that "[i]f a person entitled to bring an action" is either a minor or insane *at the time the cause of action accrued*," then "[t]he time of such disability is not a part of the time limited for the commencement of the action, provided however, that the time limited for the commencement of an action shall not be tolled for a period of more than six (6) years on account of minority [or] incompetency . . . ." I.C. § 5-230 (emphasis added). Christopher argues that the district court should have granted Clemmons's motion for reconsideration because at that point it had Clemmons's second declaration, which established that Ethel was incapacitated on the day of the accident. Christopher fails to acknowledge, however, that the district court granted Rohel's motion to strike Clemmons's second declaration

11

because it was untimely, inappropriately raised new facts, and contained statements that were inadmissible because there was no foundation laid to establish Clemmons's qualifications to opine on Ethel's competency. Christopher did not appeal the district court's decision striking Clemmons's second declaration. As a result, Christopher's argument on this issue is without merit because there is no evidence in the record to support Christopher's claim that Ethel was incompetent at the time of the accident. Accordingly, we affirm the district court's decision denying Clemmons's motion for reconsideration.

**D. We do not need to address whether the district court erred in dismissing Clemmons's Complaint with prejudice.**

As a final matter, Christopher argues the district court erred when it dismissed the case with prejudice because Ethel's incapacity tolled the statute of limitations. For the reasons stated previously, Clemmons failed to establish that Ethel was incapacitated at the time of her accident with Rohel. Additionally, given our holding today, vacating the district court's decision and remanding this matter, we do not need to address this issue.

## V.   CONCLUSION

Based on the foregoing, we vacate the district court's decision dismissing Clemmons's Complaint with prejudice and remand this matter for further proceedings consistent with this opinion.

Chief Justice BEVAN and Justices BRODY, STEGNER, and MOELLER **CONCUR**.